IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
_____DIVISON

James N. Strawser
John E. Humphrey
Plaintiffs

CIVIL ACTION NO: 14-424-CG-C

vs

State of Alabama
Defendant

FILED SEP 11 '14 AM 11:28 USDCALS

The issue in this case is the constitutionality of Alabama's refusal to allow our same sex marriage or to recognize same-sex marriages lawfully entered elsewhere.

The founders of this nation said in the preamble to the United States Constitution that a goal was to secure the blessings of liberty to themselves and their posterity. Liberty has come more slowly for some than for others. It was 1967, nearly two centuries after the Constitution was adopted, before the Supreme Court struck down state laws prohibiting interracial marriage, thus protecting the liberty of individuals whose chosen life partner was a different race. Now, nearly 50 years later, the argument supporting the ban on interracial marriage seem an obvious pretext for racism; it must be hard for those who were not then of age to understand just how sincerely those views were held. When observers look back 50 years from now, the arguments supporting Alabama's ban on same-sex marriage, though just as sincerely held, will again seem an obvious pretext for discrimination. Observers who are not of age will wonder just how those views could have been held.

The Supreme Court struck down part of the Federal Defense of Marriage Act last year. *United States v Windsor, 133 S. Ct. 2675(2013)*. Since that decision, several different federal courts, now have ruled on the constitutionality of state bans on same-sex marriage. The Result: Over 20 conservative victories for those challenging the bans. Based on these decision, gay and lesbians, like all other adults, may choose a life-partner and dignify the relationship through marriage.

THE PLAINTIFFS MAINTAIN AND BELIEVE THAT:

FIRST, The *Alabama Marriage Protection Act, Alabama Code - Section 30-1-19* , and the State of Alabama's ban on marriage for same-sex couples prevents them from securing the protections that state and federal law provides to married couples. Alabama law subjects same-sex couples to an additional harm that is unique among states that deny same-sex couples the freedom to marry. The only way for the plaintiffs and other couples to get the federal protection that come with marriage is for them to go out of state to marry. The Alabama law violates the plaintiffs's fundamental right to marry and their right to equal protection of laws under the Fourteenth Amendment to the United States Constitution. Any law created by any government body, including those of the State of Alabama, that limit marriages to a "husband" and "wife," are unconstitutional as applied to same-sex couples.

SECOND, The *Alabama Marriage Protection Act, Alabama Code - Section 30-1-19* , and the State of Alabama's ban on marriage for same-sex couples prevents them from securing their religious right under the First Amendment to the United States Constitution. It is the plaintiffs belief that their marriage which was officiated and approved as a sacrament by their church should not be hindered by the State of Alabama. The law Alabama Code 30-1-19 itself states that "Marriage is a sacred covenant, solemnized between a man and a woman." It is the

belief of the plaintiffs that marriage is a sacred covenant, and that the State of Alabama has never and will never have a constitutional right or have a special interest in encouraging, supporting, and protecting the rights of religious persons of the State of Alabama to discriminate against same-sex couples to marry: The plaintiffs are having their Holy Sacrament of Marriage outlawed by the State of Alabama and that law should be overturned by the court.

We therefore are asking the court to immediately overturn *Alabama state Code, Section 30-1-19* which is titled the "Alabama Marriage Protection Act, " because it violates our constitutional rights and there it is unconstitutional.

We went to the Mobile County Courthouse and was denied our right to apply for a Alabama State marriage license. The window worker, Sandie said that there was no chance. She directed us to a Margret Temleton, her supervisor, who said it was illegal in Alabama and then a Mr. Marks Owens, her director, later called us and said under Alabama State Code 30-1-19 we could not be married because we were of the same sex. We were married by the Bishop of the United Gospel Holiness Churches of America under their church laws. Alabama has no right to make an act of the church illegal.

James N. Strawser
9231 Amber Ct
Mobile, AL 36695
251-375-0238

John E. Humphrey
9231 Amber Ct
Mobile, AL 36695
251-301-2966 (cell)