IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES N. STRAWSER and JOHN    )
E. HUMPHREY,    )
    )
    Plaintiffs,    )
    )
vs.    )    CIVIL ACTION NO. 14-0424-CG-C
    )
LUTHER STRANGE, in his official    )
capacity as Attorney General for    )
the State of Alabama,    )
    )
    Defendant.

ORDER

This matter is before the court on Plaintiffs' motion for preliminary and permanent injunction. (Doc. 15). An evidentiary hearing was held and sworn testimony was offered by Plaintiffs in support of their motion on December 18, 2014. For the reasons stated below, the court finds that Plaintiffs are entitled to preliminary injunctive relief.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court..." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if the plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the required injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Id., 287 F.3d at 1329; see also McDonald's Corp. v. Robertson, 147 F.3d. 1301, 1306 (11th Cir. 1998). "In this

Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion" ' as to the four requisites." McDonald's Corp., 147 F.3d at 1306; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary.

This case is brought by a same-sex couple, James Strawser and John Humphrey, who have been denied the right to a legal marriage under the laws of Alabama. The couple resides in Mobile, Alabama and participated in a church sanctioned marriage ceremony in Alabama. Strawser and Humphrey applied for a marriage license in Mobile County, Alabama, but were denied.

Strawser testified that he has health issues that will require surgery that will put his life at great risk. Strawser's mother also has health issues and requires assistance. Prior to previous surgeries, Strawser had given Humphrey a medical power of attorney, but was told by the hospital where he was receiving medical treatment that they would not honor the document because Humphrey was not a family member or spouse. Additionally, Strawser is very concerned that Humphrey be permitted to assist Strawser's mother in all of her affairs if Strawser does not survive surgery.

Plaintiffs contend that Alabama's marriage laws violate their rights to Due Process, Equal Protection and the free exercise of religion. This court has determined in another case, Searcy v. Strange, SDAL Civil Action No. 14-00208-CG-N, that Alabama's laws prohibiting and refusing to recognize same-sex marriage violate the Due Process Clause and Equal Protection Clause of the Fourteenth

Amendment to the United States.  In Searcy, this court found that the Sanctity of Marriage Amendment and the Alabama Marriage Protection Act restrict the Plaintiffs' fundamental marriage right and do not serve a compelling state interest. The Attorney General of Alabama has asserted the same grounds and arguments in defense of this case as he did in the Searcy case.  Although the Plaintiffs in this case seek to marry in Alabama, rather than have their marriage in another state recognized, the court adopts the reasoning expressed in the Searcy case and finds that Alabama's laws violate the Plaintiffs' rights for the same reasons. Alabama's marriage laws violate Plaintiffs' rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by prohibiting same-sex marriage.  Said laws are unconstitutional.

As such, Plaintiffs have met the preliminary injunction factors.  Plaintiffs' inability to exercise their fundamental right to marry has caused them irreparable harm which outweighs any injury to defendant. See Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (holding that deprivation of constitutional rights "unquestionably constitutes irreparable harm."). Moreover, Strawser's inability to have Humphrey make medical decisions for him and visit him in the hospital as a spouse present a substantial threat of irreparable injury. Additionally, "it is always in the public interest to protect constitutional rights." Phelps–Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008).  Therefore, the Plaintiffs have met their burden for issuance of a preliminary injunction against the enforcement of state marriage laws prohibiting same-sex marriage.

3

Accordingly, the court hereby **ORDERS** that the Alabama Attorney General is prohibited from enforcing the Alabama laws which prohibit same-sex marriage. This injunction binds the defendant and all his officers, agents, servants and employees, and others in active concert or participation with any of them, who would seek to enforce the marriage laws of Alabama which prohibit same-sex marriage.

Defendant stated at the hearing that if the court were to grant Plaintiffs' motion, Defendant requests a stay of the injunction pending an appeal.  As it did in the Searcy case, the Court hereby **STAYS** execution of this injunction for fourteen days to allow the defendant to seek a further stay pending appeal in the Eleventh Circuit Court of Appeals**.** If no action is taken by the Eleventh Circuit Court of Appeals to extend or lift the stay within that time period, this stay will be lifted on February 9, 2015.

DONE and **ORDERED** this 26th day of January, 2015.

/s/ Callie V. S. Granade
**UNITED STATES DISTRICT JUDGE**