IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. STRAWSER and JOHN E. HUMPHREY, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>LUTHER STRANGE, in his official )<br>capacity as Attorney General for )<br>the State of Alabama, )<br>)<br>    Defendant. ) | Civil Action No. 14-0424-CG-C |

**PLAINTIFFS' EMERGENCY MOTION (1) FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT ADDING ADDITIONAL PLAINTIFFS AND
DEFENDANTS AND (2) FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY
RESTRAINING ORDER**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs James N. Strawser and John E. Humphrey respectfully file this emergency motion seeking leave to amend the complaint to add Robert Povilat and Milton Persinger, Meredith Miller and Anna Lisa Carmichael, and Kristy Simmons and Marshay Safford as Plaintiffs, to add Don Davis, in his official capacity as Probate Judge of Mobile County, as a Defendant, and to clarify Plaintiffs' causes of action now that they are represented by counsel in this matter. A copy of the proposed First Amended Complaint is attached hereto as Exhibit A.

Plaintiffs further move the Court, pursuant to Fed. R. Civ. P. 65, to issue a temporary restraining order and/or preliminary injunction to direct proposed Defendant Davis to issue marriage licenses to Plaintiffs, and to direct all Defendants to refrain from enforcing all Alabama

1

laws that prohibit same-sex couples from marrying or that deny recognition of the marriages of same-sex couples.

## MEMORANDUM

Plaintiffs move to amend the complaint to add three additional Plaintiff couples to the lawsuit. Plaintiffs also seek to add as a defendant Don Davis, the probate judge of Mobile County, in his official capacity. On January 23, 26, and 28, 2015 in this case and in another marriage case, *Searcy v. Strange,* No. 14-0208-CG-N, this Court entered a series of Orders that declared Alabama's laws excluding same-sex couples from marriage unconstitutional and that made clear that the Constitution requires Alabama officials to issue marriage licenses to same-sex couples and to recognize the valid marriages of same-sex couples for all purposes. The Court stayed its Orders until today in order to allow Defendant Luther Strange, Attorney General of Alabama, to seek a further stay from the federal appellate courts. Both the Eleventh Circuit and the Supreme Court of the United States denied Defendant Strange's requests for a further stay.

Today, in reliance on this Court's Orders and on the expiration of this Court's stay, each Plaintiff couple appeared at the offices of proposed Defendant Davis to apply for a marriage license, but were unable to do so despite the clear directive of this Court's Orders. *See* Declaration of James N. Strawser ("Strawser Decl.") ¶ 5; Declaration of Meredith Miller ("Miller Decl.") ¶ 5; Declaration of Kristy Simmons ("Simmons Decl.") ¶ 5; Declaration of Robert Povilat (Povilat Decl.") ¶ 5. Proposed Defendant Davis has stated that he will not issue marriage licenses to either same-sex or opposite-sex couples absent a further order of this Court or the Alabama Supreme Court clarifying his obligations.  *See* Declaration of Christopher F. Stoll ("Stoll Decl."), Exhibit A. Accordingly, Plaintiffs respectfully request that the Court grant them leave to file the attached First Amended Complaint and that the Court issue a temporary restraining order and/or preliminary

injunction requiring proposed Defendant Davis to issue marriage licenses to same-sex couples, including all Plaintiffs, and ordering proposed Defendant Davis to refrain from enforcing all Alabama laws that prohibit same-sex couples from marrying or that deny recognition of the marriages of same-sex couples.

As this Court made clear in its January 28, 2015 "Order Clarifying Judgment" in the *Searcy* case, "the Constitution requires the clerk to issue [marriage] licenses" to same-sex couples. *See Searcy* Doc. 65 (citing *Brenner v. Scott*, 2015 WL 44260 at *1 (N.D. Fla. Jan. 1, 2015).[1] Despite the Court's Orders, proposed Defendant Davis has failed to issue marriage licenses to same-sex couples, necessitating his addition as a Defendant in this case and the issuance of an order directing his compliance with the federal Constitution.

## I.     The Court Should Grant Leave To Amend the Complaint.

Rule 15 of the Federal Rules of Civil Procedure provides that leave of the Court to amend a pleading "shall be freely given when justice so requires." Reasonable requests to amend should be viewed with favor by the Court. *See* Wright and Miller, *Federal Practice and Procedure*, §1484, p. 417 and cases cited therein. Leave to amend should normally be granted unless the moving party is guilty of undue delay, bad faith, dilatory motive, or the proposed amendment will be futile or cause undue prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962). This amendment will not disturb the schedule set by the Court in these cases. At all times in this action Plaintiffs have acted in good faith and without delay. No prejudice will be experienced by any opposing party. Indeed, the amendments are necessary to fully effectuate this Court's prior orders.

---

[1] Judges of Probate are authorized to issue marriage licenses in Alabama, *see* Ala. Code § 30-1-7, in the same way that court clerks are empowered to issue marriage licenses in other states. These duties are ministerial in nature, and not part of any judicial or discretionary function.

**II.      The Court Should Issue A Temporary Restraining Order and/or Preliminary Injunction Requiring Proposed Defendant Davis To Issue Marriage Licenses To Plaintiffs And To Refrain From Enforcing Alabama Laws Excluding Same-Sex Couples From Marriage.**

As the accompanying declarations from Plaintiffs Strawser and Humphrey and the additional proposed Plaintiff couples establish, each appeared at the offices of proposed Defendant Davis to apply for a marriage license. Plaintiffs were unable to obtain marriage licenses in Mobile County because proposed Defendant Davis has announced that he will not issue licenses to any couple, whether of the same sex or of opposite sexes, until this Court clarifies his obligations under its Orders.  *See* Strawser Decl. ¶ 5; Miller Decl. ¶ 5; Simmons Decl. ¶ 5; Povilat Decl. ¶ 5; Stoll Decl., Ex. A.

In its January 26 Order, this Court found that "the Sanctity of Marriage Amendment and the Alabama Marriage Protection Act [Ala. Const., art. I, § 36.03 and Ala. Code § 30-1-19] restrict the Plaintiffs' fundamental marriage right and do not serve a compelling state interest," and therefore violate Plaintiffs' rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by prohibiting same-sex marriage." Order, Dkt. 29, at 3. The Court also found that a preliminary injunction was warranted because, in addition to establishing that they will prevail on the merits, Plaintiffs have met the other preliminary injunction factors. Among other things, "Plaintiffs' inability to exercise their fundamental right to marry has caused them irreparable harm which outweighs any injury to defendant." *Id.* (citing *Elrod v. Burns,* 427 U.S. 347, 373 (1976). Moreover, "it is always in the public interest to protect constitutional rights." *Id.* (quoting *Phelps–Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008).

Entry of an additional provisional order against the new proposed Defendant and in favor of the existing Plaintiffs and proposed new Plaintiffs is warranted for the same reasons that this

4

Court granted an injunction against Defendant Strange in this action. First, all Plaintiffs are likely to prevail on the merits for the same reasons this Court has addressed in its previous Orders. Second, without an injunction, all proposed Plaintiffs would suffer irreparable injury due to the deprivation of constitutional rights, and for additional reasons described in their declarations. *See* Strawser Decl. ¶ 4; Miller Decl. ¶ 4; Simmons Decl. ¶¶ 3-4; Povilat Decl. ¶ 4. Third, proposed Defendant Davis would suffer no harm from an injunction; indeed, an injunction would aid him, as he claims that he is presently uncertain of his obligations and would benefit from the Court's clarification of his duties under the Constitution. In any event, any claimed harm to Defendants is far outweighed by the harm suffered by Plaintiffs from being unable to marry. Fourth, the public interest always favors vindication of constitutional rights. Indeed, with respect to original Plaintiffs Strawser and Humphrey, the Court's analysis of the preliminary is precisely the same as in its January 26 Order. These original Plaintiffs seek only to have the existing injunction applied to an additional public official, proposed Defendant Davis. In sum, there is no relevant difference between the original Plaintiffs and Defendant in this action and the new proposed Plaintiffs and Defendant in with respect to the preliminary injunction factors. Plaintiffs therefore respectfully request that the Court order Defendant Davis to issue marriage licenses to same-sex couples without delay and to refrain from enforcing Alabama laws excluding same-sex couples from marriage or marriage recognition.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the motion for leave to file First Amended Complaint be granted and that the Court issue an a temporary restraining order and/or preliminary injunction (1) directing proposed Defendant Davis to issue marriage licenses to Plaintiffs, and (2)

directing all Defendants to refrain from enforcing all Alabama laws that prohibit same-sex couples from marrying or that deny recognition of the marriages of same-sex couples.

DATED:  February 9, 2015		Respectfully submitted,

NATIONAL CENTER FOR LESBIAN RIGHTS

By:  /s/ Shannon P. Minter

Shannon P. Minter *
Christopher F. Stoll*
National Center for Lesbian Rights
1100 H Street, NW, Suite 540
Washington, DC 20005
Telephone: (202) 734-3545
Facsimile: (415) 392-8442
Email: sminter@nclrights.org
Email: cstoll@nclrights.org

Heather Fann
Boyd, Fernambucq, Dunn & Fann, P.C.
3500 Blue Lake Drive, Suite 220
Birmingham, AL  35243
Telephone: (205) 930-9000
Facsimile: (205) 930-9010Email:
hfann@bfattorneys.net

Randall C. Marshall (MARSR3023)
ACLU Foundation of Alabama
P.O. Box 6179
Montgomery, Alabama 36106-0179
Tel: (334) 420-1741
Fax: (334) 269-5666
Email: rmarshall@aclualabama.org

Attorneys for Plaintiffs

*(Motions for admission pro hac vice forthcoming)*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on February 9, 2015.

I certify that service will be accomplished by the CM/ECF system to the following parties:

>Luther Strange
>*Attorney General*
>Andrew L. Brasher
>*Solicitor General*
>James W. Davis
>Laura Howell
>*Assistant Attorneys General*
>State of Alabama
>Office of Attorney General
>501 Washington Avenue
>Montgomery, Alabama 36130
>Tel: (334) 353-2609

I further certify, that service on proposed Defendant Don Davis was accomplished by e-mail, with the consent of his counsel, with a copy addressed as follows and served by overnight delivery:

>Joseph Michael Druhan Jr.
>Satterwhite Druhan Gaillard & Tyler, LLC
>1325 Dauphin St
>Mobile, AL  36604
>Tel.: (251) 432-8120
>mike@satterwhitelaw.com

/s/ Shannon P. Minter