IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES N. STRAWSER and <br> JOHN E. HUMPHREY, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. <br> 1:14-cv-00424-CG-C |
| LUTHER STRANGE, in his official capacity as <br> Attorney General of the State of Alabama, | ) <br> ) <br> ) | |
| Defendant. | ) | |

**RESPONSE OF DEFENDANT ATTORNEY GENERAL STRANGE
TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND (DOC. 43)**

Defendant Luther Strange, sued in his official capacity as Attorney General of the State of Alabama, responds as follows to the Plaintiffs' Emergency Motion for Leave to File an Amended Complaint and for a Temporary Restraining Order (doc. 43).

1. Attorney General Strange does not oppose Plaintiffs' request for leave to file an amended complaint.

2. Attorney General Strange takes no position on the Plaintiffs' request for a temporary restraining order / preliminary injunction against Probate Judge Don Davis.

3. It does not appear that the Plaintiffs are seeking additional relief, at the preliminary stage, against the Attorney General. However, out of an abundance of caution, Attorney General Strange opposes any such request to the extent Plaintiffs' proposed filings could be construed to seek additional relief against the Attorney General at this time. He does so for the following reasons:

4. Attorney General Strange is already subject to an injunction from this Court which prohibits him from enforcing Alabama's marriage laws, to the extent that those laws

1

prohibit "same-sex marriage." *See* doc. 29. Plaintiffs have not alleged or shown that Attorney General Strange has in any way violated that injunction. While Attorney General Strange respectfully disagrees with this Court's earlier ruling, and has exercised his right to appeal, he is in full compliance with the Court's orders.

5.  Plaintiffs have not shown that the Attorney General can provide the relief they seek in a further temporary restraining order or preliminary injunction. It is clear that the relief they seek is the issuance of a marriage license. That is not a function that the Attorney General performs; he has not prohibited officials from issuing such licenses, and is powerless to require them to do so.

6.  Alabama law vests no authority in the Attorney General to issue marriage licenses, but instead vests such authority with the probate courts in each county. Ala. Code § 30-1-9 ("Marriage licenses may be issued by the judges of probate of the several counties."). Probate courts are not under the authority of the Attorney General, but are part of the "unified judicial system" (the "Judicial Department") of Alabama:

> Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, … the circuit court, … the district court, <u>a probate court</u> and such municipal courts as may be provided by law.

Ala. Const. (1901) Art. VI. § 139 (emphasis added).

7.  The Attorney General is a member of the Executive Branch of Alabama government:

> The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.").

Ala. Const. (1901) Art. V, § 112. For the Attorney General to attempt to exercise authority over the probate courts would violate Alabama's separation of powers doctrine. In Alabama, the legislative, judicial, and executive powers are strictly divided among the three branches of government:

> The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

Ala. Const. (1901) Art. III, § 42. Each branch is strictly prohibited from exercising the powers of the other two branches:

> In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.

Ala. Const. (1901) Art. III, § 43.

8. Thus, Attorney General Strange cannot issue a marriage license to the Plaintiffs. He cannot require a Probate Judge to do so, nor can he require a Probate Judge to open his office. Plaintiffs have not shown that any additional preliminary relief against the Attorney General is necessary, or that it would in any way redress their alleged injury.

9. Nothing herein should be construed as agreement with the allegations of Plaintiffs' proposed amended complaint, which shall be answered according to the Rules of Civil Procedure, or as a waiver of any defense to Plaintiffs' amended claims.

WHEREFORE, Attorney General Strange has no objection to Plaintiffs' request for leave to amend; takes no position on their request for preliminary relief against the Probate Judge; and opposes any request for additional preliminary relief against the Attorney General.

Respectfully submitted,

LUTHER STRANGE (ASB-0036-G42L)
 *Attorney General*

s/ James W. Davis
James W. Davis (ASB-4063-I58J)
Laura E. Howell (ASB-0551-A41H)
   *Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
(334) 353-8440 (fax)
jimdavis@ago.state.al.us
lhowell@ago.state.al.us

CERTIFICATE OF SERVICE

      I certify that on February 10, 2015, I electronically filed the foregoing document using the Court's CM/ECF system which will send notification of such filing to the following persons:

Shannon P. Minter
Christopher F. Stoll
National Center for Lesbian Rights
1100 H Street, NW, Suite 540
Washington, DC 20005

Heather Fann
Boyd, Fernambucq, Dunn & Fann, P.C.
3500 Blue Lake Drive, Suite 220
Birmingham, AL 35243

Randall C. Marshall
ACLU Foundation of Alabama
P.O. Box 6179
Montgomery, AL 36106-0179

I further certify that on this date I served the following by United States Mail and electronic mail:

Joseph Michael Druhan, Jr.
Satterwhite Druhan Gailard & Tyler, LLC
1325 Dauphin St
Mobile, AL 36604
mike@satterwhitelaw.com

                                                s/ James W. Davis
                                                Of Counsel