IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES N. STRAWSER and JOHN E. HUMPHREY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 14-0424-CG-C |
| STATE OF ALABAMA, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on Plaintiffs' emergency motion for leave to file an amended complaint and for preliminary injunction and/or temporary restraining order (Doc. 43), and the response thereto of Attorney General Strange (Doc. 44).  For the reasons explained below, the court finds that Plaintiffs' emergency motion for leave to amend should be granted and that a hearing should be set on Plaintiffs' motion for preliminary injunction.

**I. Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a).  The Eleventh Circuit recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005).  "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (citation

omitted).  That said, leave to amend can be properly denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

      Plaintiffs Strawser and Humphrey, who until recently had proceeded *pro se*, are now represented by counsel and wish to clarify their causes of action and add new parties.  Plaintiffs' motion to amend seeks to add three additional same-sex couples as plaintiffs and to add Don Davis as a defendant in his official capacity as Probate Judge of Mobile County, Alabama.  The current Defendant, Attorney General Luther Strange does not oppose Plaintiffs' request for leave to file an amended complaint. (Doc. 43).  The same-sex couples Plaintiffs wish to add live in Alabama and like Strawser and Humphrey have allegedly been denied the basic rights, privileges, and protections of marriage for themselves and their children.  Plaintiffs seek to join Judge Davis as a defendant because he allegedly refused to issue marriage licenses to all of the Plaintiffs' named in the proposed Amended Complaint, despite this court having granted a preliminary injunction to Strawser and Humphrey (Doc. 29) and despite this court's ruling in Searcy v. Strange, SDAL Civil Action No. 14-00208-CGN, that Alabama's laws prohibiting and refusing to recognize same-sex marriage are unconstitutional.  The proposed amendment will not cause undue delay or prejudice, there is no indication of any bad faith or

2

dilatory motive on the part of the movants, and the amendment does not appear to be futile.  There being no substantial reason to deny leave to amend, the court must allow the amendment.  Accordingly, Plaintiffs' motion for leave to file an amended complaint is hereby **GRANTED.**

## II. Motion for Preliminary Injunction

After reviewing Plaintiff's motion, the court finds it appropriate to set a preliminary injunction hearing.  A hearing on Plaintiffs' motion for preliminary injunction is hereby set for **February 12, 2015, at 1:00 p.m.**, in Courtroom 2B, United States Courthouse, Mobile, Alabama.

Counsel for plaintiffs has averred that his co-counsel has spoken with Joseph Michael Druhan, Jr., counsel for Judge Don Davis, and that Mr. Druhan agreed to accept service by e-mail of the motion to amend the complaint and associated papers.  (Doc. 43-2).  The clerk of court is directed to provide Mr. Druhan, a member of the bar of this court, with a copy of this Order.

The court notes that Attorney General Luther Strange is already subject to an injunction from this court which prohibits him from enforcing Alabama's marriage laws to the extent they prohibit same-sex marriage or the recognition of same-sex marriages legally performed in other states.  Accordingly, Attorney General Strange's presence is not required at the preliminary injunction hearing set above.

**DONE and ORDERED** this 10th day of February, 2015.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE

3