IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. STRAWSER, et al.,        ) | |
| ) | |
| ) | |
| Plaintiffs,        ) | |
| ) | |
| vs.        ) | CIVIL ACTION NO. 14-0424-CG-C |
| ) | |
| LUTHER STRANGE, in his official        ) | |
| capacity as Attorney General for        ) | |
| the State of Alabama and DON        ) | |
| DAVIS in his official capacity as        ) | |
| Probate Judge of Mobile County,        ) | |
| Alabama,        ) | |
| ) | |
| Defendants.        | |

ORDER

This matter is before the court on Plaintiffs' emergency motion for preliminary injunction and/or temporary restraining order (Doc. 43), and the response thereto of Attorney General Strange (Doc. 44). A hearing on Plaintiffs' motion was held on February 12, 2015. Appearing at the hearing were counsel for Plaintiffs, counsel for defendant Judge Don Davis and counsel for Plaintiffs in a similar case, SDAL Civil Action No. 15-067-CG-C. For the reasons explained below, the court finds that Plaintiffs' motion for preliminary injunction should be granted.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court..." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if the plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent

issuance of the injunction; (3) the threatened injury outweighs the potential damage the required injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Id., 287 F.3d at 1329; see also McDonald's Corp. v. Robertson, 147 F.3d. 1301, 1306 (11th Cir. 1998). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion" as to the four requisites." McDonald's Corp., 147 F.3d at 1306; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary.)

This case is brought by four same-sex couples in committed relationships who reside in Mobile, Alabama and have been denied the right to a legal marriage under the laws of Alabama. This court previously issued a preliminary injunction in this case prohibiting the Alabama Attorney General, "his officers, agents, servants and employees, and others in active concert or participation with any of them who would seek to enforce the marriage laws of Alabama that prohibit same-sex marriage" from enforcing the Alabama laws which prohibit same-sex marriage. (Doc. 29). That preliminary injunction was initially stayed, but went into effect on Monday, February 9, 2015, after the Eleventh Circuit Court of Appeals and the Supreme Court of the United States denied Attorney General Strange's request to extend the stay. (Doc. 40, Exh. 1; Doc. 43, p. 2). On February 9, 2015, the Plaintiffs went to the Mobile County Probate office seeking marriage licenses, but found the office closed. (Doc.43-4, ¶ 5; Doc. 43-5, ¶ 5; Doc. 43-6, ¶ 5; Doc. 43-7, ¶ 5). Judge Don Davis of the Mobile County Probate Court issued a press release on February 9, 2015, stating

2

that the Marriage License Section of the Court's Recording Division would remain closed pending further instructions from the United States District Court and the Chief Justice of the Alabama Supreme Court. (Doc. 43-3, and Hearing Exhibit 6). Judge Davis's press release further stated that he had filed an action with the Alabama Supreme Court seeking guidance and clarification. (Doc. 43-3 and Hearing Exhibit 6). The Alabama Supreme Court has since dismissed that petition. (See Doc. 52 at p. 26 and Hearing Exhibit 10B). Judge Davis was not initially a defendant in this matter and was not named in the preliminary injunction that went into effect on February 9, 2015. However, the amended complaint filed on February 10, 2015, names Judge Davis in his official capacity as a defendant and seeks an injunction against Judge Davis prohibiting him from enforcing the Alabama laws, policies or practices that exclude Plaintiffs from marriage. (Doc. 47).

The Plaintiffs report that they all feel demeaned and humiliated by Alabama's refusal to treat them equally. (Doc. 43-4, ¶ 3; Doc. 43-5, ¶ 3; Doc. 43-6, ¶ 3; Doc. 43-7, ¶ 3, Hearing Exhibits 1 - 4). Plaintiff James Strawser has serious health issues that will require surgery that will put his life at risk. (Doc. 43-4, ¶ 4, Hearing Exhibit 1). When Strawser had surgery in the past, he signed a form giving his partner, John Humphrey, legal power over Strawser's medical decisions, but the hospital refused to honor that document because under Alabama law Humphrey was not a spouse or family member. (Doc. 43-4, ¶ 4, Hearing Exhibit 1).

Plaintiff Meredith Miller wants to marry her partner, Anna Lisa Carmichael to have the legal protections and security that only marriage provides. (Doc. 43-5, ¶ 3, Hearing Exhibit 2). Each day that they are excluded from marriage, they must

3

deal with uncertainty about whether they will be treated as family members if they experience a life crisis or emergency. (Doc. 43-5, ¶ 3, Hearing Exhibit 2). Miller and Carmichael hope to have children but are concerned that if they are not married their children will get the message that their family is not as worthy of dignity and respect as other families in Alabama and that their children will be denied important legal protections that come with marriage. (Doc. 43-5, ¶ 4, Hearing Exhibit 2).

Plaintiff Kristy Simmons wants to marry her partner, Marshay Safford, to have a legal family relationship and build stability for their children. (Doc. 43-6, ¶ 3, Hearing Exhibit 3). Each day that they are not permitted to marry they experience uncertainty about whether they will be treated as family members in the event of an emergency. (Doc. 43-6, ¶ 3, Hearing Exhibit 3). The legal protections of marriage are especially important to Simmons because she has a rare disorder called Wegener's Granulomatosis that causes her blood vessels to become inflamed and can damage her major organs. (Doc. 43-6, ¶ 4, Hearing Exhibit 3).

Plaintiff Robert Povilat wants to marry his partner, Milton Persinger, in order to protect one another and have the legal protections and security that only marriage provides. (Doc. 43-7, ¶ 3, Hearing Exhibit 4). Mr. Povilat has survived two bouts of prostate cancer and fears that he could be diagnosed with cancer again. (Doc. 43-7, ¶ 4, Hearing Exhibit 4). Every day that they are not allowed to be married, they experience uncertainty about whether they will be treated as family members if they experience a crisis or an emergency. (Doc. 43-7, ¶ 3, Hearing Exhibit 4).

Plaintiffs contend that Alabama's laws prohibiting same-sex marriage[1] violate their rights under the United States Constitution to Due Process and Equal

---

[1] The Alabama Sanctity of Marriage Amendment to the Alabama Constitution provides the following:
    (a) This amendment shall be known and may be cited as the Sanctity of Marriage Amendment.
    (b) Marriage is inherently a unique relationship between a man and a woman. As a matter of public policy, this state has a special interest in encouraging, supporting, and protecting this unique relationship in order to promote, among other goals, the stability and welfare of society and its children. A marriage contracted between individuals of the same sex is invalid in this state.
    (c) Marriage is a sacred covenant, solemnized between a man and a woman, which, when the legal capacity and consent of both parties is present, establishes their relationship as husband and wife, and which is recognized by the state as a civil contract.
    (d) No marriage license shall be issued in the State of Alabama to parties of the same sex.
    (e) The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued.
    (f) The State of Alabama shall not recognize as valid any common law marriage of parties of the same sex.
    (g) A union replicating marriage of or between persons of the same sex in the State of Alabama or in any other jurisdiction shall be considered and treated in all respects as having no legal force or effect in this state and shall not be recognized by this state as a marriage or other union replicating marriage.
ALA. CONST. ART. I, § 36.03 (2006).

The Alabama Marriage Protection Act provides:
    (a) This section shall be known and may be cited as the "Alabama Marriage Protection Act."
    (b) Marriage is inherently a unique relationship between a man and a woman. As a matter of public policy, this state has a special interest in encouraging, supporting, and protecting the unique relationship in order to promote, among other goals, the stability and welfare of society and its children. A marriage contracted between individuals of the same sex is invalid in this state.

Protection. This court has determined in another case, Searcy v. Strange, SDAL Civil Action No. 14-00208-CG-N, that Alabama's marriage sanctity laws prohibiting and refusing to recognize same-sex marriage violate the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In Searcy, this court found that those laws restrict the Plaintiffs' fundamental marriage right and do not serve a compelling state interest. Although the Plaintiffs in this case seek to marry in Alabama, rather than have their marriage in another state recognized in Alabama, the Court, as it previously did in issuing the preliminary injunction against Attorney General Strange, adopts the reasoning expressed in the Searcy case and finds that Alabama's laws violate the Plaintiffs' rights for the same reasons. Alabama's marriage sanctity laws violate Plaintiffs' rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by prohibiting same-sex marriage. Said laws are unconstitutional.

After considering the circumstances of this case and in light of the court's conclusion that the laws in question are unconstitutional, the court finds that Plaintiffs have met the preliminary injunction factors. Plaintiffs' inability to

---

(c) Marriage is a sacred covenant, solemnized between a man and a woman, which, when the legal capacity and consent of both parties is present, establishes their relationship as husband and wife, and which is recognized by the state as a civil contract.
(d) No marriage license shall be issued in the State of Alabama to parties of the same sex.
(e) The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued.
ALA. CODE § 30-1-19.

exercise their fundamental right to marry has caused them irreparable harm that outweighs any injury to defendant[2]. See Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (holding that deprivation of constitutional rights "unquestionably constitutes irreparable harm."). Moreover, the Plaintiffs in this case have submitted declarations attesting to the specific reasons why their inability to become legally married in Alabama presents a substantial threat of irreparable injury. Additionally, "it is always in the public interest to protect constitutional rights." Phelps–Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008). Therefore, the Plaintiffs have met their burden for issuance of a preliminary injunction against the enforcement of state marriage laws prohibiting same-sex marriage.

Accordingly, the Court once again makes the following declaration:

It is **ORDERED** and **DECLARED** that ALA. CONST. ART. I, § 36.03 (2006) and ALA. CODE 1975 § 30-1-19 are unconstitutional because they violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

**Probate Judge Don Davis** is hereby **ENJOINED** from refusing to issue marriage licenses to plaintiffs due to the Alabama laws which prohibit same-sex marriage. If Plaintiffs take all steps that are required in the normal course of business as a prerequisite to issuing a marriage license to opposite-sex couples, Judge Davis may not deny them a license on the ground that Plaintiffs constitute same-sex couples or because it is prohibited by the Sanctity of Marriage

---

[2] Indeed, at the hearing on the motion, counsel for Judge Davis made no assertion of any injury to the Judge in his official capacity that might result from the issuance of an injunction.

Amendment and the Alabama Marriage Protection Act or by any other Alabama law or Order pertaining to same-sex marriage. This injunction binds Judge Don Davis and all his officers, agents, servants and employees, and others in active concert or participation with any of them, who would seek to enforce the marriage laws of Alabama which prohibit or fail to recognize same-sex marriage.

    **DONE** and **ORDERED** this 12th day of February, 2015.

                                   /s/ Callie V. S. Granade
                              **UNITED STATES DISTRICT JUDGE**