IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. STRAWSER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 14-0424-CG-C |
| | ) |
| LUTHER STRANGE, in his official capacity as Attorney General for the State of Alabama and DON DAVIS in his official capacity as Probate Judge of Mobile County, Alabama, | ) |
| | ) |
| Defendants. | |

## ORDER

This matter is before the court on the emergency verified motion of Jefferson County Probate Judge Alan King for leave to intervene as a party (Doc. 58), Judge King's motion for preliminary injunction (Doc. 59) and Attorney General Strange's opposition to the motion to intervene (Doc. 61). For the reasons explained below, the court finds that Judge King's motion to intervene should be denied. Accordingly, the court will not entertain King's motion for preliminary injunction.

## BACKGROUND

This case was brought by four same-sex couples in committed relationships who reside in Mobile, Alabama, and were denied the right to a legal marriage under the laws of Alabama. The Defendants in this case consist of the Alabama Attorney

1

General Luther Strange and Mobile County Probate Judge Don Davis. The court previously issued preliminary injunctions in this case prohibiting the Alabama Attorney General and Judge Davis and their "officers, agents, servants and employees, and others in active concert or participation with any of them who would seek to enforce the marriage laws of Alabama that prohibit same-sex marriage" from enforcing the Alabama laws which prohibit same-sex marriage. (Docs. 29, 55). More specifically, Judge Davis was enjoined from refusing to issue marriage licenses to the Plaintiffs due to the Alabama laws which prohibit same-sex marriage. (Doc. 55). Attorney General Strange has appealed the preliminary injunction against him to the Eleventh Circuit Court of Appeals. (Doc. 31). All of the named plaintiffs in this case reportedly obtained marriage licenses following the entry of the preliminary injunction against Judge Davis. Jefferson County Probate Judge King now moves for leave to intervene in this matter and for a preliminary injunction to be entered against Attorney General Strange.

## DISCUSSION

Judge King moves for leave to intervene as of right or, in the alternative, by permission. Intervention by right is permitted upon timely application by anyone who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a).  Judge King has not alleged that a federal statute confers an unconditional right to intervene.  Thus, to intervene by right, Judge King must satisfy 24(a)(2) by demonstrating: (1) he has an interest relating to the property or transaction which is the subject of the action, (2) that King's ability to protect that interest may be impaired or impeded by the disposition of the action, and (3) that King is inadequately represented by the existing parties.

Attorney General Strange opposes King's intervention asserting that the motion is untimely and that there is no case or controversy between King and the parties in this case.  While final judgment has not been entered in this case, Strange is correct that the Plaintiffs have already achieved what they sought from a probate judge.[1]  All of the Plaintiff couples in this case reside in Mobile County and sought marriage licenses from Mobile County Probate Judge Don Davis.  This court enjoined Judge Davis from refusing to issue marriage licenses to Plaintiffs due to the Alabama laws prohibiting same-sex marriage.  None of the parties in this case have a claim against Judge King and there is no indication that they will have any claim against Judge King in the future.  Thus, Judge King does not appear to have an interest in the subject matter of this action.

Judge King asserts that he faces imminent risk of being subjected to a state court order that will put him in the position of having to choose either to disregard

---

[1] The court notes that even if plaintiffs have all obtained marriage licenses, they have not obtained complete and final relief.  Plaintiffs seek more than an official piece of paper that says they are married.  Plaintiffs want their marriages to be recognized as valid going forward so that they can receive the legal protections that arise from marriage.

3

the United States Constitution, which he is sworn to uphold, thereby subjecting him to liability, or to disregard a state court order.  The state court action King is referring to is the Writ of Mandamus petition filed in the Supreme Court of Alabama which names all Alabama probate judges, including Judge King, as respondents. Ex parte State of Alabama v. Alan L. King, et al., Supreme Court Case No. 1140460.  However, as stated by Judge King, his risk of conflict is between a potential state court ruling and the United States Constitution, not the preliminary injunctions entered in this case.

Additionally, there is already a party to this case that represents the same interests as Judge King.  Defendant Judge Don Davis faces the same risk of being subjected to conflicting federal and state orders regarding the issuance of marriage licenses to same-sex couples.[2]  There is a "presumption of adequate representation where an existing party seeks the same objective as the interveners." Stone v. First Union Corp, 371 F.3d 1305, 1311 (11th Cir. 2004).  Judge Davis is in the same position as Judge King and is represented by counsel in this matter.  Thus, the court finds that Judge King may not intervene by right.

---

[2] Judge Davis, in his brief filed with the Alabama Supreme Court concerning the petition, takes the position that the petition does not apply to him (Doc. 65, Exhibit 4, pp. 2-3).  The petition names as respondents four Probate Judges, and "Judge Does #1 – 63", each of whom "is a Judge of Probate in Alabama who may issue, or may have issued, marriage licenses to same-sex couples in Alabama as a result of the *Searcy* or *Strawser* Injunction, in violation of the Marriage Amendment, the Marriage Act, and [Chief Justice Moore's] Administrative Order." (Doc. 60, Exhibit 1). As there are only 67 Probate Judges in Alabama, Judge Davis is certainly among the "Judge Does #1 -63".

4

In the alternative to intervention by right, Judge King seeks permissive intervention. Permissive intervention is permitted upon timely motion to anyone who:

> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Again, Judge King does not suggest that any federal statute provides him a right to intervene. Thus, for permissive intervention Judge King must have a claim or defense with a common question of law or fact as the main action. The decision whether to allow permissive intervention is "wholly discretionary with the court." Purcell v. BankAtlantic Financial Corp., 85 F.3d 1508, 1513 (11th Cir. 1996).

The court agrees that Judge King's circumstances present some common questions of law. However, since relief has already been granted to Plaintiffs against Judge Davis and none of the parties seek anything from Judge King, the court does not find King's intervention is warranted. At this point in the litigation the addition of Judge King as a party will add nothing to the adjudication of the claims presented and may only serve to complicate the matter. Judge King's participation in this case is neither necessary nor desired by the parties. No parties in this case have any claims against Judge King and Judge King has not suggested that he would assert any claims against any of the parties in this case. If allowed to

5

intervene, Judge King would move for a preliminary injunction to require Attorney General Strange to appear in the State Supreme Court Mandamus action and move to dismiss the petition.  There is already a preliminary injunction entered against Attorney General Strange and Plaintiffs have also moved for the same relief sought by Judge King if he is allowed to intervene.  Plaintiffs have moved to enforce the injunction previously entered against the Attorney General by seeking an order from this court requiring the Attorney General to appear in the Alabama Supreme Court Mandamus action and move for its dismissal.  Thus, Judge King's proposed parallel motion would serve little purpose. In addition, since none of the parties in this case seek to have Judge King issue a marriage license, it is unclear what other basis Judge King would have for preliminary injunctive relief.  After considering all of the above, the court, in its discretion, declines to allow Judge King to intervene.

## CONCLUSION

The emergency verified motion of Jefferson County Probate Judge Alan King for leave to intervene as a party (Doc. 58), is **DENIED** and Judge King's motion for preliminary injunction (Doc. 59), is **STRICKEN**.

**DONE** and **ORDERED** this 20th day of February, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE