IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. STRAWSER and JOHN E. HUMPHREY, et. al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>LUTHER STRANGE, in his official )<br>capacity as Attorney General for )<br>the State of Alabama, et. al., )<br>)<br>Defendant. | CIVIL NO. 14-0424-CG-C |

**ORDER**

This matter is before the court on Plaintiffs' Emergency Motion for Enforcement of Injunction (Doc. 60), the Attorney General's Response in Opposition (Doc. 62), and Plaintiffs' Reply (Doc. 64). This Court previously enjoined the Attorney General and others in active concert and participation with him from enforcing the Alabama laws prohibiting same-sex marriage after ruling those laws are unconstitutional. (Doc. 29, p. 4).[1] In light of this injunction, Plaintiffs now move this Court to order the Attorney General to exercise his control over litigation concerning the State of Alabama's same-sex marriage laws pending in the Alabama Supreme Court. (Doc. 60, p. 1). After careful consideration and for the reasons set forth herein, Plaintiffs' motion is **DENIED**.

---

[1] This Court also addressed the constitutionality of the Alabama laws prohibiting same-sex marriage in a companion case, Searcy v. Strange, Southern District of Alabama Case No. 14-00208.

The Court is sympathetic to Plaintiffs' position. After this Court issued orders declaring unconstitutional the Sanctity of Marriage Amendment, Ala. Const. art. I, § 36.03, and the Alabama Marriage Protection Act, Ala. Code § 30-1-19, the Chief Justice of the Alabama Supreme Court issued administrative orders directing Alabama probate judges to uphold those same laws. Then this Court ordered Mobile County Probate Judge Don Davis to issue licenses to same-sex couples. (Doc. 55). Concurrently, two organizations, the Alabama Policy Institute and the Alabama Citizens Action Program, petitioned the Alabama Supreme Court for a writ of mandamus directing all probate judges in Alabama to uphold the Marriage Amendment and the Marriage Protection Act.[2] Plaintiffs are thus concerned a state mandamus prohibiting every probate judge from issuing same-sex marriage licenses may result, in conflict with a federal order commanding a named probate judge to issue such licenses. (Doc. 60, p. 9).

Despite the potential procedural imbroglio, Plaintiffs do not explain in their motion what precisely entitles them to further relief against the Attorney General at this time. Plaintiffs are citizens of Mobile County, and this Court previously ordered the Mobile County Probate Court to issue marriage licenses to them. It is also unclear how any Alabama Supreme

---

[2] The Alabama Supreme Court action is case number 1140460, <u>Ex Parte State *ex rel*. Alabama Policy Institute and Alabama Citizens Action Program v. Alan L. King, In his official capacity as Judge of Probate for Jefferson County, Alabama, et al.</u>

2

Court ruling may or may not harm Plaintiffs. Plaintiffs have secured the injunctive relief they seek pursuant to a federal court order.

In addition to procedural concerns, Plaintiffs argue state law gives the Attorney General the authority to control all litigation concerning the interests of the State. See Ala. Code § 36-15-21. Thus the Attorney General is authorized to dismiss the mandamus action on behalf of the state. (Doc. 60, p. 7). By failing to act, Plaintiffs say the Attorney General is allowing "private parties to stand in his shoes and speak in the name of the State as petitioner relators" when he has the authority to control the prosecution of the mandamus. (Doc. 60, pp. 9 – 10). The mandamus action in the name of the State of Alabama, Plaintiffs argue, simply seeks to accomplish what the Attorney General is prohibited from doing directly. (Doc. 60, p. 10).

Plaintiffs, however, do not specifically show how the Attorney General is trying to get around this Court's injunction. The Attorney General does not appear to be in concert with the Alabama Policy Institute or the Alabama Citizens Action Program, nor is he advising them. The Attorney General attests he "did not authorize or encourage the Petitioners" to file the petition for writ of mandamus. (Doc. 62, p. 4). Although the Attorney General arguably could seek to control the mandamus action, Ex parte King, 59 So. 3d 21, 25 - 29 (Ala. 2010), he is not obligated to do so by this Court's orders.[3]

---

[3] Whether the Attorney General can seize control over privately initiated litigation on behalf of the State remains a question of Alabama law. In contrast, it is clear the Attorney General can seize control over litigation

3

Furthermore, even if the Attorney General elected to exercise control over that proceeding and moved to dismiss the writ of mandamus petition, the Alabama Supreme Court is the arbiter responsible for determining the outcome of that case. (Doc. 62, p. 5).

Plaintiffs further argue the Attorney General's action in permitting the writ of mandamus petition to proceed is akin to "improperly thwarting the denial of the State's request for a stay of this Court's orders by the Eleventh Circuit and the United States Supreme Court." (Doc. 60, p. 8). Yet again, Plaintiffs present no concrete link between the Attorney General's inaction and the state court action brought by two private entities. The Attorney General correctly observes that in this stage of the proceedings, the "injunctions forbid the Attorney General to take action; they do not compel action." (Doc. 62, p. 4).

Finally, the mandamus action does not create any immediate conflict with the previous orders of this Court. (Doc. 62, p. 3).   Because the Alabama Supreme Court has not yet decided whether it will even address the merits of the petition, any conflict is purely speculative at this point.  Moreover, the Attorney General recognizes "[r]egardless of how the Alabama Supreme Court rules . . ., that ruling should not be an impediment to a person who is denied a marriage license from bringing a lawsuit against the Probate Judge who denied the license." (Doc. 62, p. 3). In other words, non-party probate

---

initiated as the state by local prosecutors and other executive officers. See, e.g., State ex rel. Carmichael v. Jones, 41 So. 2d 280, 283 (Ala. 1949).

4

judges could nevertheless issue same-sex marriage licenses if sued and ordered by a federal court to do so.

In sum, Plaintiffs have not shown that they have suffered harm as a result of the Attorney General's conduct that can be redressed through further relief against him. For these reasons, Plaintiff's Emergency Motion for Enforcement of Injunction (Doc. 60) is **DENIED**.

**DONE** and **ORDERED** this 20th day of February, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE