IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES N. STRAWSER and | ) | |
| JOHN E. HUMPHREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | 1:14-cv-00424-CG-C |
| LUTHER STRANGE, in his official capacity as | ) | |
| Attorney General of the State of Alabama, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ATTORNEY GENERAL STRANGE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND, TO CERTIFY CLASSES, AND FOR PRELIMINARY INJUNCTION (DOC. 76)**

Defendant Luther Strange, in his official capacity as Attorney General of the State of Alabama, opposes the Plaintiffs' Motion for leave to amend the complaint and for other relief. Instead of adding new parties and granting further relief, the court should wait for the outcome of the United States Supreme Court's ruling on the constitutionality of same-sex marriage. In opposition to Plaintiffs' motion, the Attorney General states as follows:

The Court should deny Plaintiffs' Motion for leave to amend the complaint and take no further action in this case. This lawsuit has been pending for many months as a suit between individual plaintiffs and defendants for the purpose of providing the named plaintiffs specific relief. Those named plaintiffs have achieved that relief. The Court has held several hearings, granted the plaintiffs leave to amend the complaint to add additional parties, and entered two preliminary injunctions. Plaintiffs cannot now—at this late date—convert this lawsuit into a something it has never been before: a massive class action between an ill-defined class of plaintiffs and a "class" of 68 defendants, very few of which reside within the Southern District of

Alabama. The only wise and judicious course of action is to deny the motion to amend and wait until June when the United States Supreme Court will resolve the constitutionality of same-sex marriage in a way that will be binding on all federal judges and all state officials.

The Court's decision to enter its first injunction in this lawsuit—despite conceding that the United States Supreme Court will conclusively resolve the constitutionality of same-sex marriage by the end of June—has prompted needless conflict between federal and state courts and created extensive confusion and uncertainty. When this Court enjoined Attorney General Strange from enforcing Alabama's marriage laws to the extent those laws prohibited "same-sex marriage," Attorney General Strange immediately moved for a stay. *Searcy v. Strange*, Case No. 1:14-cv-208, doc. 55. Among other grounds, Attorney General Strange argued that a fundamental redefinition of marriage in Alabama without the benefit of full appellate review would lead to chaos, confusion, and additional litigation that could be avoided if the Court's orders were simply stayed a few months until the United States Supreme Court resolved the issue. The Supreme Court has, of course, agreed to decide the issue this term in *James v. Hodges*, No. 14-556, a case that will be argued in April and decided by June. Because the plaintiffs in this action and in *Searcy* were, at the time, proceeding solely against the Attorney General, who does not issue marriage licenses, it was obvious that officials throughout State government, not bound by the injunctions, would proceed under different interpretations of this Court's orders.

This Court denied Attorney General Strange's motion except for a two-week stay to permit him to seek stays from the Eleventh Circuit and Supreme Court, which were unsuccessful. This Court's orders went into effect on February 9, 2015.

Since then, the number and rate of developments has been dizzying as officials came to different conclusions about their legal obligations and as parties tried to intervene in the initial

cases and bring other officials under the Court's injunction. For example, a probate judge from Jefferson County sought to intervene as a defendant for the purpose of losing and being enjoined. Proceedings in other courts have also been extraordinary. The Alabama Supreme Court, in a case in which the Attorney General took no part, has expressed its own view of the Constitution and ordered Probate Judges who were not parties before this Court to continue to apply Alabama law. (*See* doc. 71-1). Although any probate judge could petition the United States Supreme Court for review of the Alabama Supreme Court's decision, none has yet done so.

Now Plaintiffs seek to add new named plaintiffs, become an ill-defined class of '[a]ll persons in Alabama who wish to obtain a marriage license in order to marry a person of the same sex," and join all Alabama Probate Judges as a Defendant class. They also seek a third preliminary injunction that will place this Defendant class under directly conflicting orders from State and federal courts.

The Court should not further undermine the relationship between the state and federal courts by granting Plaintiffs leave to drastically change the nature of this case at this late date. Granting the relief Plaintiffs seek will only add to the chaos and confusion in Alabama, and will only increase the tension between the state and federal courts. The Attorney General therefore urges the Court not to grant the Plaintiffs leave to amend, but to avoid further conflict by waiting until the Supreme Court decides the constitutionality of same-sex marriage in a few short months.  The Court should follow the lead of the Eleventh Circuit, which has *sua sponte* stayed all litigation about same-sex marriage until the United States Supreme Court rules.  There is no reason to litigate a procedurally complex class action over constitutional questions that will be resolved in a few short months.  The Court should therefore deny the motion to amend. In the alternative, Plaintiffs' request for further injunctive relief should be denied.

Should this Court disagree and allow the amended complaint, then the Attorney General (along with the other defendants whenever they are served) will separately address Plaintiffs' two requests for class certification and their request for a third preliminary injunction. But he briefly notes that there are serious problems with the relief Plaintiffs are requesting.[1]

First, Plaintiffs argue that the Probate Judges should be certified as a class and enjoined without notice or an opportunity to be heard. (Doc. 76). There are only 68 Probate Judges in Alabama, and they are easily identified.[2] It is not at all clear how this kind of defendant class meets Rule 23 because they could easily be joined individually.

Second, the Probate Judges should at least be given notice of the motion for class certification and an opportunity to be heard. Before they are placed under conflicting orders, the Court should afford Probate Judges the courtesy of notice and a hearing. Indeed, basic notions of due process give Probate Judges the right to notice and a hearing.

Third, the plaintiff class that Plaintiffs propose is very poorly defined. A basic tenet of class litigation is that one should be able to identify who is, and who is not, a member of the class. But a class of "[a]ll persons in Alabama who wish to obtain a marriage license in order to marry a person of the same sex" does not meet this test. If the Court certifies that class, then anyone can be a member of that class if they later decide they want to be, and anyone who wants to exclude themselves from the class to pursue individual litigation can decide to do that as well.

For these reasons, the Attorney General urges the Court not to exacerbate the situation in Alabama by granting the motion to amend and for further relief, but to instead wait until early

---

[1] Attorney General Strange reserves the right to make other legal arguments with respect to class certification in accordance with the expected briefing schedule.

[2] A complete list of Probate Judges in Alabama by County, along with contact information, can be found at http://www.sos.state.al.us/vb/election/all.aspx?trgtoffice=Judge%20of%20Probate (last visited March 7, 2015). While there are 67 counties in Alabama, Jefferson County has two Probate Judges.

summer when the issue will be resolved by the United States Supreme Court. In the alternative, the Attorney General urges the Court to at least provide some means of notice and a hearing to Probate Judges before placing them under conflicting orders.  Indeed, if the Court is inclined to consider Plaintiffs' motion to amend, the Attorney General respectfully requests that the Court hold a hearing at which the wisdom of transforming this case into a double class action can be fully and thoughtfully debated.

        Respectfully submitted,

        s/ Luther Strange

        LUTHER STRANGE
        *Attorney General*

        Andrew L. Brasher
          *Solicitor General*

        James W. Davis (ASB-4063-I58J)
        Laura E. Howell (ASB-0551-A41H)
          *Assistant Attorneys General*

        STATE OF ALABAMA
        OFFICE OF THE ATTORNEY GENERAL
        501 Washington Avenue
        Montgomery, Alabama 36130-0152
        (334) 242-7300
        (334) 353-8440 (fax)
        jimdavis@ago.state.al.us
        lhowell@ago.state.al.us

CERTIFICATE OF SERVICE

      I certify that on March 9, 2015, I electronically filed the foregoing document using the Court's CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| Shannon P. Minter<br>Christopher F. Stoll<br>National Center for Lesbian Rights<br>1100 H Street, NW, Suite 540<br>Washington, DC 20005 | Mark S. Boardman<br>Boardman, Carr, Bennett, Watkins, Hill &<br>Gamble, P.C.<br>400 Boardman Dr.<br>Chelsea, AL 35043-8211 |
| Heather Fann<br>Boyd, Fernambucq, Dunn & Fann, P.C.<br>3500 Blue Lake Drive, Suite 220<br>Birmingham, AL 35243 | Clay Richard Carr<br>Boardman, Carr & Hutcheson, P.C.<br>400 Boardman Dr.<br>Chelsea, AL 35043-8211 |
| Randall C. Marshall<br>ACLU Foundation of Alabama<br>P.O. Box 6179<br>Montgomery, AL 36106-0179 | Harry V. Satterwhite<br>Satterwhite & Tyler, LLC<br>1325 Dauphin Street<br>Mobile, AL 36604 |
| Joseph Michael Druhan, Jr.<br>Johnston Druhan, LLP<br>P.O. Box 154<br>Mobile, AL 36601 | Lee L. Hale<br>Hale and Hughes<br>501 Church Street<br>Mobile, AL 36602 |
| | Teresa Bearden Petelos<br>400 Boardman Dr.<br>Chelsea, AL 35043 |

                s/ Luther Strange
                    Of Counsel