IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES N. STRAWSER et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-0424-CG-C |
| | ) | |
| **LUTHER STRANGE, in his official** | ) | |
| **capacity as Attorney General for** | ) | |
| **the State of Alabama, DON DAVIS,** | ) | |
| **in his official capacity as Probate** | ) | |
| **Judge of Mobile County, Alabama,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the court on the emergency motion of Judge Don Davis to stay this court's February 12, 2015 preliminary injunction order (Doc. 71), Plaintiffs' opposition thereto (Doc. 83), Judge Davis' supplement to his motion to stay (Doc. 85), and Plaintiffs' response in opposition to the supplement (Doc. 87). For the reasons explained below, the court finds that the motion to stay should be denied.

Judge Davis moves to stay because of the increased confusion that has ensued since this court entered judgment in Searcy I[1], finding that Alabama's laws prohibiting same-sex marriage were unconstitutional. Judge Davis notes that previous motions to stay the judgment in Searcy I were denied by this court, the

---

[1] Searcy v. Strange, Case No. 14-0208-CG-N, 2015 WL 328728 (S.D. Ala. Jan 23, 2015).

Eleventh Circuit Court of Appeals, and the United State Supreme Court.  However, Davis contends that the facts have changed.  Judge Davis states that he has been placed in a potential conflict between this court's orders and the orders of the Alabama Supreme Court and its Chief Justice, Roy Moore.  Judge Davis laments that he has continued to be at the center of a statewide confusion.

Although the court would agree that the developments in these same-sex marriage cases has at times seemed dizzying, the court finds that Judge Davis has not shown that a stay is warranted.  "A stay is not a matter of right, even if irreparable injury might otherwise result" but, is instead  "an exercise of judicial discretion," Nken v. Holder, 556 U.S. 418, 433 (2009) (citations omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-434.  In considering whether to grant a stay, the court may consider the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)).  "There is substantial overlap between these and the factors governing preliminary injunctions, not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively

determined." Id. (internal citation omitted).  The first two factors are the most critical. Id.

In the instant case, Judge Davis has not argued, much less shown that he is likely to succeed on the merits.  This court has found that Alabama's marriage sanctity laws violate the Plaintiffs' rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  This court's conclusion agrees with the overwhelming consensus of courts across the country that have addressed the constitutionality of similar state laws since the Supreme Court's ruling in United States v. Windsor, 133 S.Ct. 2675 (2013).  Judge Davis has offered no reason why this court should now conclude that judgment in this case is likely to be in favor of Judge Davis.

Judge Davis has also failed to show how he will be irreparably injured absent a stay.  Judge Davis states that he complied with this court's preliminary injunction order and that all of the current plaintiffs in this case have received marriage licenses.  Judge Davis points to rulings by the Alabama Supreme Court ordering Alabama Probate Judges not to issue marriage licenses to same-sex couples.  However, Davis has not shown how this court's preliminary injunction results in irreparable harm to him.  The court notes that the decision entered in Ex parte State ex rel. Alabama Policy Institute, 2015 WL 892752, *26 (Ala. March 3, 2015), recognized that Judge Davis is a party to this litigation and that he remains bound by this court's orders.

As to the remaining factors, this court previously found the following:

> Plaintiffs' inability to exercise their fundamental right to marry has caused them irreparable harm that outweighs any injury to defendant. See Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (holding that deprivation of constitutional rights "unquestionably constitutes irreparable harm."). Moreover, the Plaintiffs in this case have submitted declarations attesting to the specific reasons why their inability to become legally married in Alabama presents a substantial threat of irreparable injury. Additionally, "it is always in the public interest to protect constitutional rights." Phelps–Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008).

(Doc. 55, pp. 6-7 (footnote omitted)).  Judge Davis has not offered any reason why this court should reassess its analysis of these factors.

Judge Davis points out that the Middle District of Alabama has recently stayed a similar case. See Hard v. Bentley, Case No. 13-922-WKW (M.D. Ala. March 10, 2015).  Judge Davis accuses the Plaintiffs in this case of forum shopping because they have moved to amend their complaint to add additional plaintiffs and class allegations.  Judge Davis also argues that allowing the amendment will add to the confusion and allow plaintiffs in the Middle District of Alabama to go around the stay there and file their claims in this court.  Plaintiffs respond that they sought leave to amend and moved for class certification prior to the Middle District's ruling and had no prior notice that the Middle District was contemplating a stay of the Hard case.  Additionally, the order in the Middle District only applies to the specific claims asserted by the parties in that case.  The order does not preclude other potential plaintiffs or counsel from initiating separate lawsuits in the Middle District or anywhere else in Alabama.  The stay entered in Hard has no bearing on the instant case.

4

## CONCLUSION

For the reasons explained above, the motion of Judge Don Davis to stay this court's February 12, 2015, preliminary injunction order (Doc. 71), is **DENIED**.

**DONE** and **ORDERED** this 16th day of March, 2014.

                                 /s/ Callie V. S. Granade
                              **UNITED STATES DISTRICT JUDGE**