IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES N. STRAWSER, et al.,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 14-0424-CG-C |
| | ) |
| **LUTHER STRANGE, in his official** | ) |
| **capacity as Attorney General for** | ) |
| **the State of Alabama, DON DAVIS,** | ) |
| **in his official capacity as Probate** | ) |
| **Judge of Mobile County, Alabama,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This action is before the court on Plaintiffs' motion for (1) leave to file second amended complaint adding additional parties and plaintiff and defendant classes (Doc. 76), Defendant Luther Strange's response in opposition to the motion (Doc. 78), and Defendant Don Davis' opposition to the motion (Doc. 90). For the reasons explained below, the court finds that Plaintiffs' motion for leave to amend should be granted.

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." See FED. R. CIV. P. 15(a). The Eleventh Circuit recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage

v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted). That said, leave to amend can be properly denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

Defendant Strange contends that this court should deny the motion for leave to amend and take no further action in this case because this lawsuit has been pending for many months as a suit between individual Plaintiffs and Defendants and those Plaintiffs have achieved that relief.  Attorney General Strange argues that Plaintiffs cannot now convert this lawsuit into a class action between an ill-defined class of plaintiffs and a class of 68 defendants, very few of which reside within the Southern District of Alabama.  Strange contends that the court should wait until June when the United States Supreme Court will resolve the constitutionality of same-sex marriage.  However, as this court recently ruled with regard to a motion by Judge Davis, the Defendants in this case have not shown that a stay is warranted.  Defendant Strange has also failed to provide any authority showing why this court cannot or should not allow Plaintiffs to amend their complaint to add parties and assert class allegations.  Although Defendant Strange objects to the amendment "at this late date," this case has only progressed to the preliminary injunction stage and although the current Plaintiffs have apparently all

received marriage licenses the licenses are of little value if they are not recognized as valid in Alabama.  Under the circumstances, allowing the amendment is not likely to significantly delay resolution of the case for the current parties.  The requested amendment will not disturb any schedule set by the Court in this case.

Judge Davis asserts that the court should not allow the addition of the new Plaintiffs and further asserts that Plaintiffs have not met the requirements for class certification.  Joinder of additional plaintiffs is permitted if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1).  Courts are encouraged to entertain "…the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, (1966). "Rule 20 permits 'the joinder of a person who has some interest in an action ..., even when that interest is not so strong as to require his joinder' under Rule 19." Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009) (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 299 (3d Cir. 1980)).  In the instant case, the proposed new plaintiffs, like the current plaintiffs, are same-sex couples that seek to marry and have their marriages recognized.  Their claims present the common legal question of whether Defendants' enforcement of Alabama's laws excluding same-sex couples from marriage and refusing to recognize their marriages violate the Fourteenth Amendment to the United States Constitution.  As such, the court finds that joinder of the new Plaintiffs is appropriate.

As to Judge Davis' argument that Plaintiffs have not met the requirements for class certification, the court finds that Plaintiffs have asserted sufficient allegations for the court to allow the amendment.  To the extent Judge Davis' objection to class certification is offered in opposition to Plaintiffs' motion to amend, Davis' argument is essentially that the amendment would be futile.  An amendment is futile when a claim as proposed would be subject to dismissal. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir.2004).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

It is well-settled that a plaintiff bears the burden of establishing all prerequisites under the Federal Rules of Civil Procedure before a class action is proper in the district court. Gilchrist v. Bolger, 733 F.2d 1551, 1556 (11th Cir.1984) (citations omitted).  "Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." In re Am. Med. Sys. Inc., 75 F.3d 1069, 1079 (6th Cir.1996) (citation omitted).  However, the Plaintiffs' motion for class certification is not yet ripe.  Under Plaintiffs' motion to amend, the court need only consider whether Plaintiffs have sufficiently alleged class claims.  Thus, although the court may dismiss class allegations "[w]here it is facially apparent from the pleadings that there is no ascertainable class," John v. Nat'l Sec. Fire & Cas. Co.,

501 F.3d 443, 445 (5th Cir.2007), the court finds that the Plaintiffs in this case have alleged adequate facts to support a potential class claim and the court will not engage in a detailed and rigorous analysis of the class claims until all of the current parties have had the opportunity to oppose or support the motion for class certification.[1]

There being no substantial reason to deny leave to amend, the court must allow the amendment.  Accordingly, Plaintiffs' motion for leave to file a second amended complaint (Doc. 76) is hereby **GRANTED**.

**DONE and ORDERED** this 18th day of March, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Attorney General Strange has been given until Monday, March 23, 2015 to respond to Plaintiffs' motion to certify class (Doc. 89).