IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. STRAWSER, *et al.*,    ) | |
| )
| Plaintiffs,                    ) | |
| )
| v.                             ) | |
| )
| LUTHER STRANGE, in his official ) | Civil Action No. 14-0424-CG-C |
| capacity as Attorney General for the ) | |
| State of Alabama, *et al.*,    ) | |
| )
| Defendants.                    ) | |
| )

PLAINTIFFS' RESPONSE IN OPPOSITION TO
ATTORNEY GENERAL'S MOTION TO DISMISS (DOC. 101)

The Attorney General—who has represented to courts in every federal district in Alabama that he is the proper party to defend the validity of Alabama's marriage laws, who has sought review of this Court's orders in this case and in *Searcy v. Strange* by the Eleventh Circuit and the United States Supreme Court, and who in this very case concurred that the original complaint should be amended to name him as the defendant—now seeks to have the case dismissed against him for lack of standing. For the reasons set forth below, the motion should be denied.

**I.    Plaintiffs Have Alleged Justiciable Claims Against The Attorney General, And This Court Has Properly Granted Declaratory And Preliminary Injunctive Relief Against Him.**

Even though he has long been a defendant in this action, and even though the Court has already issued declaratory and preliminary injunctive relief against him, the Attorney General now contends that Plaintiffs lack standing to bring this action

1

against him. Contrary to the Attorney General's arguments, Plaintiffs (including the putative class) have standing to challenge Alabama's constitutional and statutory prohibitions on marriage by same-sex couples and on recognition of their existing marriages. Plaintiffs "have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical, . . . there [is] a causal connection between the injury and the conduct complained of," and it is "likely, rather than merely speculative," that a favorable decision by the Court will remedy Plaintiffs' injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations and internal quotation marks omitted). *See* Order, Doc. 29 (Plaintiffs have suffered irreparable harm as a result of Alabama's marriage laws prohibiting same-sex marriage and the harm may be remedied by declaratory and injunctive relief), Order, Doc. 55 (same).

The Attorney General's argument that Plaintiffs have no justiciable controversy with him because he does not issue marriage licenses ignores that Plaintiffs have broadly challenged *all* Alabama laws that prohibit marriage by same-sex couples *or recognition by the State* of the marriages of same-sex couples. The Attorney General's motion disregards his significant role in enforcement of the entire scheme of Alabama laws that are at issue in this case. Indeed, in *Aaron-Brush v. Strange*, No. 2:14-cv-01091 (N.D. Ala.), the Attorney General admitted, without reservation, that "[h]e maintains enforcement authority regarding the Alabama Marriage Prohibitions and their application to conduct of the State and its subdivisions and court system." *See Aaron-Brush* Complaint, Doc. 1 at 8, ¶ 18, and

Answer to the Complaint, Doc. 13 at 4, ¶ 18. And, as this Court noted in its Order granting Plaintiffs leave to file their Second Amended Complaint, Doc. 92 at 2-3, "Plaintiffs have apparently all received marriage licenses[, but] the licenses are of little value if they are not recognized as valid in Alabama."[1]

The Attorney General's powers include the authority to "superintend and direct the prosecution of any criminal case" in Alabama courts, to direct district attorneys to act as his assistants in such prosecutions, and to initiate and direct any litigation seeking civil remedies involving the interests of the state. Ala. Code §§ 36-15-14, 36-15-15, 36-15-12. Thus, for example, the Attorney General has direct responsibility for enforcing provisions in Alabama law that prohibit residents from signing an income tax return containing false information, and provide criminal penalties for doing so. *See* Ala. Code § 40-18-27(d). Four of the named Plaintiff couples in this action are now married pursuant to licenses issued by Defendant Davis in compliance with this Court's orders, and all of the members of the proposed Plaintiff Class seek to be married and to have their marriages recognized by the State. Should any of these Plaintiffs (or similarly situated Plaintiff Class members) file an Alabama income tax return truthfully reporting their marital status as "married," they would risk prosecution by the Attorney General or his subordinates because Alabama does

---

[1] Recognition of marriages confers a host of benefits and responsibilities under Alabama and federal law, ranging from paying state and local taxes jointly to being able to jointly adopt children together, share custodial authority of children, acquire inheritance rights and marital property rights, be treated as next of kin for purposes of medical decision-making and burial rights, and a host of others. Plaintiffs and other same-sex couples who wish to marry seek not simply a marriage license, but the full panoply of protections that marriage provides.

not recognize them as married and could consider that representation to be false. Indeed, married Plaintiffs would risk prosecution even if they were to declare their tax filing as "single," as the Attorney General could also consider that representation to be false.[2] Only this Court's previously issued injunction barring the Attorney General from enforcing Alabama's marriage ban prevents Plaintiffs[3] from being exposed to the threat of prosecution based on their declared marital status.[4] Plaintiffs thus have a present, ongoing "case or controversy" with the Attorney General that is redressable—indeed, *is currently being redressed*—through this Court's issuance of declaratory and injunctive relief against him.

The Attorney General similarly has responsibility for enforcement of Alabama's marriage ban as it relates to the solemnization of a same-sex couple's marriage. In order to marry in Alabama, a couple must apply for and be issued a license, which serves as the legal authority for a religious or non-religious official to solemnize a marriage. *See* Ala. Code §§ 30-1-9, 30-1-7. But state law provides that

---

[2] Alabama also requires the payment of estimated taxes on income derived from sources other than wages when it is estimated that a married couple will exceed $3,750 in such income, starting April 15, 2015, for the 2015 tax year. *See* Ala. Code §§ 40-18-82, 40-18-83.

[3] The current injunction against the Attorney General also inures to the benefit of same-sex couples married both in Alabama and elsewhere who now reside in Alabama.

[4] A declaration of marital status can also result in criminal prosecution in other areas of Alabama law. *See, e.g.*, *Folds v. State*, 143 So. 3d 845 (Ala. Crim. App. 2013) (prosecution for alleged reporting of false marital status in application for Medicaid benefits in violation of Ala. Code § 22-1-11); Ala. Admin. Code, r. 300-4-3(8) ("false statement or misrepresentation" in application for state educational assistance program is a misdemeanor)).

same-sex couples may not obtain marriage licenses and that any person who performs a marriage for a couple without a valid license is subject to a $1,000 penalty. *Id.*, §§ 30-1-19, 30-1-11. County probate judges are required to report violations of this provision to district attorneys. *See id.*, § 30-1-18. And as noted by the Supreme Court of Alabama, the Attorney General's authority to direct, control, and attend to all litigation concerning the interests of the state encompasses the ability to do so in the manner he sees fit, even over district attorneys' objections. *Ex Parte King*, 59 So. 3d 21, 26–27 (Ala. 2010).

The Attorney General's authority to enforce Alabama's penalty for a person solemnizing a marriage without a license, including a marriage of a same-sex couple, Ala. Code. § 30-1-11, creates a direct conflict with, and direct barrier to, the relief Plaintiffs seek and is sufficient to establish a "case or controversy" under Article III between the Attorney General and the unmarried Plaintiffs and Plaintiff Class members. Plaintiffs broadly challenge Ala. Code § 30-1-19 and all other Alabama laws prohibiting or denying recognition to the marriages of same-sex couples, and the relief they seek includes a declaration that all such provisions are unconstitutional. "This relief would encompass such criminal statutes" as Alabama Code § 30-1-11. *Baskin v. Bogan*, 12 F. Supp. 3d 1144, 1152–53 (S.D. Ind.), *aff'd*, 766 F.3d 648 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 316 (2014) (holding that state attorney general was proper defendant in challenge to Indiana's marriage ban); *see also Citizens for Equal Protection v. Bruning*, 455 F.3d 859, 864 (8th Cir. 2006) (holding that because state

5

attorney general had "some connection with the enforcement" of marriage ban for same-sex couples, "[t]his satisfies the case or controversy requirement of Article III").

Not only does the Attorney General possess enforcement authority with respect to Alabama's marriage ban, he has exercised that authority consistently to ensure compliance with the ban. Indeed, pursuant to the duty to give opinions on questions of law connected with the interests of the state and its departments, *see* Ala. Code § 36-15-1(1)(a),[5] a former Attorney General issued a formal opinion in 2000 stating that Alabama and its subdivisions should not recognize civil unions entered into in Vermont. *See* Ala. Op. Att'y Gen. 2000-129 (Ala. A.G. 2000). The opinion advised that "[r]efusing to recognize a same-sex 'marriage' or civil union would not be arbitrary or fundamentally unfair, and . . . would also further a legitimate public policy expressed in the Alabama Marriage Protection Act." *Id.* at 10. As the Eighth Circuit has held, issuance of such a formal opinion "confirms that [an attorney general's] broad powers include policing compliance with" a state's prohibition on same-sex couples' ability to marry and have their marriages recognized. *Bruning*, 455 F.3d at 864. These duties are sufficient to establish a justiciable dispute between the state attorney general and same-sex couples challenging the constitutionality of the marriage ban, even if other state officers are also involved in enforcement of the ban. *See id.*[6]

---

[5] The Attorney General also has the express authority to issue opinions to Alabama's probate court judges. *See* Ala. Code § 36-15-1(1)(b).

[6] Furthermore, just as the Court found that joinder of additional probate judges was proper, *see* Order, Doc. 92, joinder of the Attorney General with the putative Defendant Class of probate judges is proper under Federal Rule of Civil Procedure 20(a)(2) because the claims against them arise out of the "same

In sum, given the Attorney General's direct authority over suits seeking criminal or civil penalties arising from enforcement of Alabama's marriage ban, Plaintiffs' Second Amended Complaint sufficiently alleges a justiciable "case or controversy" under Article III. Plaintiffs have sufficiently alleged that they would suffer "injury in fact" from the Attorney General's continued enforcement of Alabama's marriage ban, and the Court is capable of redressing that injury. Indeed, the Court has already redressed that injury on an interim basis by preliminarily enjoining the Attorney General from enforcing the ban. But for the Court's injunction, Plaintiffs, Plaintiff Class members, and other married same-sex couples would face an ongoing threat of criminal prosecution or other enforcement actions by the Attorney General and his subordinates through their enforcement of Alabama's laws barring same-sex couples from marriage and from recognition of their marriages.

II.  **The Attorney General's Motion Is Inconsistent With His Previous Representations To This Court And Other Federal Courts That He Is A Proper Defendant In This Challenge To Alabama's Marriage Ban.**

In every federal district in Alabama, Attorney General Strange has admitted that he is a proper defendant to a lawsuit challenging Alabama's restrictive marriage laws and he has consistently vowed to defend those laws against attack:

- In *Searcy v. Strange*, No. 1:14-cv-208 (S.D. Ala.), the Attorney General asserted that he "will defend the validity of Alabama's marriage laws." Doc. 17 (Motion to Dismiss Governor) at 8; *see also* Doc. 28 (Reply Brief) at 4.

---

transaction, occurrence, or series of transactions or occurrences" and there are questions "of law or fact common to all."

- In *Aaron-Brush v. Strange*, No. 2:14-cv-01091 (N.D. Ala.), the Attorney General again stated that he "will defend the validity of Alabama's marriage laws." Doc. 9 (Motion to Dismiss Governor) at 6.

- In *Hard v. Bentley*, No. 2:13-cv-922 (M.D. Ala.), the Attorney General reiterated that he would "defend Alabama's laws by filing a cross-motion for summary judgment." Doc. 48 (Motion to Dismiss Governor) at 6.

In this case, too, Attorney General Strange has admitted that he is the proper defendant to the proceedings—and the Court has agreed. When the Attorney General moved to dismiss the State of Alabama, which had been named as the defendant by the then-*pro se* Plaintiffs (Doc. 8), Magistrate Judge Cassady stated:

> The Court notifies the *pro se* plaintiffs that rather than filing a substantive response in opposition to the defendant's motion to dismiss, they may well desire to respond by filing a motion to amend their complaint to dismiss the State of Alabama and substitute as the proper defendant in this case the actual movant with respect to the pending motion, that is, Luther Strange, in his official capacity as Attorney General of the State of Alabama.

Order, Doc. 11 at 1–2 (footnotes omitted). Judge Cassady explained that "as Luther Strange has admitted in *Searcy v. Strange*, . . . he may be sued in his official capacity as Attorney General of the State of Alabama." *Id.* at 2 n.2. Plaintiffs took Judge Cassady's suggestion and moved to amend the complaint to name the Attorney General as the sole defendant. *See* Motion to Amend Complaint and Change Defendant, Doc. 12. The Attorney General did not object to the substitution. *See* Response, Doc. 13 at ¶ 4. The Magistrate Judge recommended that the motion to amend be granted, *see* Doc. 14, and this Court adopted that recommendation as its own opinion, *see* Doc. 22.

8

And the Attorney General has kept his word: he has actively defended Alabama's marriage ban as a defendant in this and other cases, including by filing a cross-motion for summary judgment in *Hard v. Bentley* and by seeking appellate relief from this Court's rulings in this case and in *Searcy*. *See Searcy v. Attorney Gen., State of Ala.*, No. 15-10295-C, consolidated with *Strawser v. Attorney Gen., State of Ala.*, No. 15-10313-A (11th Cir. Feb. 3, 2015) (order denying stay pending appeal), and *Strange v. Searcy*, 135 S. Ct. 940 (2015) (order denying stay pending disposition of Sixth Circuit cases).

For the reasons stated in Section I above, the Attorney General's initial view that he is a proper defendant in a challenge to Alabama's marriage ban was correct. His eleventh-hour claim to the contrary has no merit.[7]

### III. Conclusion.

For the reasons set forth above, the Attorney General's motion to dismiss should be denied.

---

[7] Resolution of the Attorney General's motion should not delay this Court's ruling on Plaintiffs' pending motions for class certification and for entry of a preliminary injunction, which run against the Defendant Class of probate judges alone. The Attorney General is already subject to a declaratory judgment and preliminary injunction issued by this Court, *see* Order, Doc. 29 at 3–4, and Plaintiffs do not currently seek any further preliminary relief against him, but only to extend the relief previously granted to the proposed Plaintiff and Defendant Classes.

Respectfully Submitted,

NATIONAL CENTER FOR LESBIAN RIGHTS

By: /s/ Shannon P. Minter

Shannon P. Minter*
Christopher F. Stoll*
National Center for Lesbian Rights
1100 H Street, NW, Suite 540
Washington, DC 20005
Tel: (202) 734-3545
Fax: (415) 392-8442
Email: sminter@nclrights.org
Email: cstoll@nclrights.org

Heather Fann
Boyd, Fernambucq, Dunn & Fann, P.C.
3500 Blue Lake Drive, Suite 220
Birmingham, AL 35243
Tel: (205) 930-9000
Fax: (205) 930-9010
Email: hfann@bfattorneys.net


Randall C. Marshall (MARSR3023)
ACLU Foundation of Alabama
P.O. Box 6179
Montgomery, Alabama 36106-0179
Tel: (334) 420-1741
Fax: (334) 269-5666
Email: rmarshall@aclualabama.org

David Dinielli**
Cal. Bar No. 177904
Scott D. McCoy*
N.Y. Bar No. 3970803
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
Tel: 334-956-8200
Email: david.dinielli@splcenter.org
Email: scott.mccoy@splcenter.org

10

Ayesha N. Khan*
D.C. Bar No. 426836
Zachary A. Dietert*
D.C. Bar No. 1003784
Americans United for Separation of Church and State
1901 L Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 466-3234
Email: khan@au.org
Email: dietert@au.org

Attorneys for Plaintiffs

* Appearing *pro hac vice*
** Motion for admission *pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on April 10, 2015. I certify that service will be accomplished by the CM/ECF system to the following parties:

Luther Strange
*Attorney General*
Andrew L. Brasher
*Solicitor General*
James W. Davis
Laura Howell
*Assistant Attorneys General*
State of Alabama
Office of Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Tel: (334) 353-2609


Lee L. Hale (HAL026)
501 Church Street
Mobile, AL 36602
Phone: (251) 433-3671

J. Michael Druhan, Jr. (Druh2816)
Harry V. Satterwhite (Satth4909)
SATTERWHITE, DRUHAN, GAILLARD & TYLER, LLC
1325 Dauphin Street
Mobile, Alabama 36604
(251) 432-8120 (phone)
(251) 405-0147 (fax)
mike@satterwhitelaw.com
harry@satterwhitelaw.com

Mark S. Boardman (ASB-8572-B65M)
Clay R. Carr (ASB-5650-C42C)
Teresa B. Petelos (ASB-8716-L66T)
BOARDMAN, CARR, BENNETT, WATKINS, HILL & GAMBLE, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000

Attorneys for the Honorable Don Davis,

Judge of the Probate Court of Mobile
County, Alabama

I hereby certify that the following parties were served via electronic mail and U.S. mail on April 10, 2015:

Tim Russell - Probate Judge
220 Courthouse Square (physical location)
Post Office Box 459 (mailing address)
Bay Minette, Alabama 36507

Jodie Smith - Sr. Administrative Assistant
jsmith@baldwincountyal.gov


/s Randall C. Marshall