IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES N. STRAWSER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-0424-CG-C |
| | ) | |
| LUTHER STRANGE, in his official capacity as Attorney General for the State of Alabama, et al., | ) ) ) | |
| | ) | |
| Defendants | ) | |

## ORDER

This matter is before the court on the motions of Defendant Don Davis and Defendant Tim Russell to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Docs. 103, 108), and Plaintiffs' opposition (Docs. 106, 110). For the reasons explained below, the court finds that the motions to dismiss are due to be denied.

**I. Dismissal Standard**

The Defendants move for a dismissal of the Plaintiffs' claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to Rule 12(b)(1) challenges subject-matter jurisdiction and should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). When the attack is a facial, as opposed to factual, challenge on the court's jurisdiction, the court treats the complaint's allegations as true, as it does under a 12(b)(6) motion. Carmichael v. Kellogg, Brown

& Root Svcs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009).  A "facial attack" "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).  "Factual attacks on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (citation and internal quotations omitted).  With regard to any challenge as to Plaintiffs' standing to request relief, standing is an Article III doctrine limiting the jurisdiction of the federal courts to actual "cases" and "controversies." Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998).  In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." I.L. v. Alabama, 739 F.3d 1273, 1278 (11th Cir .2014).  Because the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction, the plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." Ramming, 281 F.3d at 161 (citing Menchaca v. Chrysler Credit Corp, 613 F.2d 507, 511 (5th Cir.1980)).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the claims set out in the plaintiff's pleadings. Harris v. Proctor & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996).  Thus, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir.1986)

2

(quoting Scheur v. Rhodes, 416 U.S. 232, 236 (1974)). When ruling on a motion to dismiss, the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1380 (11th Cir. 2010). To survive such a motion, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Speaker, 623 F.3d at 1380 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)).

**II. Discussion**

Defendant Judges Davis and Russell move to dismiss on several bases: (1) lack of subject matter jurisdiction, (2) lack of standing, (3) judicial immunity, (4) qualified immunity, (5) Eleventh Amendment immunity, (6) mootness, (7) the broad scope and lack of specificity in the relief sought and (8) the Alabama Supreme Court's adjudication and the Anti-Injunction Act.

**A. Subject Matter Jurisdiction**

Defendant Judge Davis argues that there is no federal question presented because Plaintiffs' claims are indistinguishable from those asserted in Baker v. Nelson, 409 U.S. 810 (1972). As Judge Davis is undoubtedly aware, this Court discussed the application of Baker v. Nelson to such claims in Searcy v. Strange, 2015 WL 328728, *2-3 (S.D. Ala. 2015). In that decision this Court concluded that

3

Baker does not preclude consideration of the constitutionality of a state's ban on same-sex marriage. Id. at *3.  Defendant's arguments do not persuade this court that the result here should be different.

**B. Standing**

Both Judge Davis and Judge Russell argue that the Plaintiffs lack standing because they cannot show an injury in fact caused by Defendant Judges Davis or Russell and that their alleged injuries are not redressable by Judge Davis or Judge Russell.  However, Plaintiffs have clearly alleged that they have suffered a sufficient injury in fact. This Court previously found, with regard to their claims against Judge Davis, that Plaintiffs have suffered irreparable harm as a result of Alabama's marriage laws prohibiting same-sex marriage and that the harm may be remedied by declaratory and injunctive relief. (Doc. 55).  Judge Davis argues that he is not issuing marriage licenses to anyone now, same-sex or opposite-sex.  However, Plaintiffs do not seek an order compelling Judge Davis to issue them marriage licenses.  They seek an order preventing probate judges from denying them licenses on the basis that it is prohibited because they are a same-sex couple.  As long as Judge Davis chooses not to issue any marriage licenses to anyone, he is not violating this court's preliminary injunction entered against him.  The fact that Davis has reportedly complied with the injunction order does not invalidate Plaintiffs' claims.  Plaintiffs have continued standing to ensure compliance with the injunction. See Salazar v. Buono, 559 U.S. 700 (2010).

Judge Russell asserts that it is questionable whether it is sufficient that the

named Plaintiffs were merely told over the telephone that he would not issue marriage licenses to them.  However, the Court finds that this distinction does not result in a lack of standing.  The named Plaintiffs and the putative class members cannot obtain a marriage license from Judge Russell's office because they wish to marry a person of the same-sex.  Whether they were informed of this fact over the phone or in person makes no difference.

Defendants argue that they have no authority to order or enforce the recognition of marriages for all purposes under Alabama law nor to afford the plaintiffs the myriad benefits of marriage they seek.  While it is true that Defendant Judges Davis and Russell cannot provide complete relief to the Plaintiffs, they can partially redress Plaintiffs' injuries.  Plaintiffs seek to both marry and have those marriages recognized.  Obviously they cannot have their marriages recognized until they actually marry.  Allowing Plaintiffs to obtain a marriage license redresses their injury in part, "and that is enough for standing purposes." I.L. v. Alabama, 739 F.3d 1273, 1282 (11th Cir. 2014) (citing Made in the USA Foundation v. United States, 242 F.3d 1300, 1310–11 (11th Cir. 2001)).

**C. Judicial Immunity**

Defendants assert that they are entitled to judicial immunity under 42 U.S.C. § 1983.  Section 1983 provides the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

> other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
> …

Section 1983 "contains a significant caveat—the 'acts or omissions' at issue must be ones taken in the 'officer's judicial capacity.'" Marie v. Moser, 2014 WL 5598128, *8 (D.Kan. Nov. 4, 2014) (citing Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002); Mireles v. Waco, 502 U.S. 9, 11 (1991); and 42 U.S.C. § 1983). Where the acts in question were ministerial, rather than judicial, there is no judicial immunity. See Id. The issuance of marriage licenses is a purely ministerial act. See Ex parte State ex rel. Alabama Policy Institute, 2015 WL 892752, * 4, 8 (Ala., March 3, 2015) (discussing and referring to the probate judges' "ministerial act of licensing marriages"). Neither Davis nor Russell is charged with discretion or judgment in carrying out this ministerial duty. Accordingly, the court finds Defendants are not entitled to judicial immunity.

**D. Qualified Immunity**

"Qualified immunity insulates government actors, in their individual capacities, from civil lawsuits as long as the challenged discretionary conduct does not violate clearly established federal statutory or constitutional rights." Adams v. Poag, 61 F.3d 1537, 1542 (11th Cir. 1995). "[Q]ualified immunity is only a defense to personal liability for monetary awards." Ratliff v. DeKalb County, 62 F.3d 338, 340 n. 4 (11th Cir.1995) (citations omitted). It therefore "may not be effectively asserted as a defense to a claim for declaratory or injunctive relief," D'Aguanno v. Gallagher, 50 F.3d 877, 879 (11th Cir. 1995), or in defense of an official-capacity

6

claim. Bruce v. Beary, 498 F.3d 1232, 1249 n. 33 (11th Cir. 2007).  In the instant action, Defendant Judgess Davis and Russell are sued only in their official capacity and monetary damages are not sought.  Thus, qualified immunity does not apply.

### E. Eleventh Amendment immunity

Eleventh Amendment Immunity only protects state officers from monetary damages claimed against them and does not bar claims for "prospective injunctive relief in order to end a continuing violation of federal law." Tindol v. Alabama Dept. of Revenue, 2015 WL 350623, *10 (M.D. Ala. Jan. 23, 2015) (quoting Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996)); see also Ex parte Young, 209 U.S. 123 (1908) (holding that the Eleventh Amendment does not bar prospective injunctive relief against a state officer (as distinct from the State itself) on the theory that a state official engaged in unconstitutional actions is stripped of his official representative capacity.); Welch v. Estes, 2014 WL 7369424, *3 (N.D. Ala. Dec. 29, 2014) ("Although Eleventh Amendment immunity protects state officials from suits for money damages, actions against a state official for prospective injunctive relief are outside the protection offered by the Eleventh Amendment." (citations omitted)). Thus, even if probate judges are "state officials," Eleventh Amendment immunity does not bar the relief sought here.

### F. Mootness

Defendant Davis argues that this court has already declared that Alabama's laws that prohibit same-sex marriage are unconstitutional.  However, as stated

7

above, Plaintiffs have continued standing to ensure compliance with the injunction. See Salazar v. Buono, 559 U.S. 700 (2010).  Moreover, there are now additional named Plaintiffs and class allegations seeking statewide relief against all probate judges. Plaintiffs' claims are not moot.

### G. Nature of Relief

Judge Davis asserts that Plaintiffs seek an impermissibly vague and overly broad injunction.  However, Judge Davis has already been enjoined and has apparently been able to comply with the injunction.  Davis argues that he could be subject to sanctions for failing to stop something he is powerless to prevent. However, the claims against Judge Davis and the other probate judges are only asserted against them in their official capacity.  As such, any injunction against Judge Davis would apply only to his conduct in carrying out the duties and responsibilities of his office.  Judge Davis is not being asked to assert authority or control over anyone or anything that is beyond his authority or control.

### H. The Alabama Supreme Court's Adjudication

Defendants contend that the Supreme Court of Alabama's ruling in Ex parte State ex rel. Alabama Policy Institute, 2015 WL 892752 (Ala., March 3, 2015), is binding upon all state courts in Alabama and precludes this court from assuming jurisdiction over claims by plaintiffs who already are bound by the Alabama Supreme Court's ruling.  Plaintiffs were not party to the state-court mandamus proceeding.  As such, Plaintiffs are not bound by the conclusions of the Alabama Supreme Court.  A mandamus proceeding in a state court against state officials to

enforce a challenged statute does not bar injunctive relief in a United States District Court. Hale v. Bimco Trading, 306 U.S. 375, 377-378, 59 S.Ct. 526, 527 (1939). Actions attacking the constitutionality of such statutes can be brought by parties who are strangers to the state court action. Id. The Hale Court held that strangers to a state court proceeding are not barred by the Anti-Injunction Statute, which was a precursor of the Anti-Injunction Act, from challenging the constitutionality of a statute in federal court when the statute is also under litigation in the state courts. Courts since then have agreed. See e.g. Chezem v. Beverly Enterprises-Texas, Inc., 66 F.3d 741, 742 (5th Cir. 1995) ("As the Supreme Court has taught, the Anti–Injunction Act has no application herein because Carriage House and its residents were neither parties nor privies of parties to the state court action."); Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1020 (7th Cir. 1990) ("Only a party, or, what amounts to the same thing in contemplation of the law, one who is in privity with a party, is barred by the Anti–Injunction Act." Citations omitted); Munoz v. Imperial County, 667 F.2d 811 (9th Cir. 1982) (holding that federal plaintiffs were strangers to state-court proceedings and affirming entry of injunction against county officials). Defendants have not shown that any abstention doctrine applies to this case. Moreover, this Court's jurisdiction in this case and this Court's finding that Alabama's marriage sanctity laws are unconstitutional predate the state court mandamus action.

### III. Conclusion

For the reasons stated above, the motions of Defendant Judge Don Davis and

9

Defendant Judge Tim Russell to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Docs. 103, 108), are **DENIED.**

    **DONE and ORDERED** this 23rd day of April, 2015.

                                            /s/  Callie V. S. Granade  
                                            UNITED STATES DISTRICT JUDGE