IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. STRAWSER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 14-0424-CG-C |
| ) | |
| LUTHER STRANGE, in his official ) | |
| capacity as Attorney General for ) | |
| the State of Alabama, et al., ) | |
| ) | |
| Defendants ) | |

**ORDER**

This matter is before the court on the motion of Defendant Luther Strange to dismiss pursuant to Rule 12(b) (Doc. 101), and Plaintiffs' opposition (Doc. 105). For the reasons explained below, the court finds that Strange's motion to dismiss should be denied.

Standing is an Article III doctrine limiting the jurisdiction of the federal courts to actual "cases" and "controversies." Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998). In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." I.L. v. Alabama, 739 F.3d 1273, 1278 (11th Cir .2014). As the parties invoking this court's jurisdiction, Plaintiffs have the burden of establishing standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). There are three requirements for standing:

> First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be

>likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

United States v. Hays, 515 U.S. 737, 742–43 (1995).

Attorney General Strange argues that it has become evident that he does not enforce marriage laws, did not cause the Plaintiffs' alleged injuries, and cannot redress the Plaintiffs' alleged injuries.  Specifically, Attorney General Strange asserts that he has no authority to issue marriage licenses and has no authority to address their alleged injuries as a member of the Executive Branch of Alabama government.  Plaintiffs, on the other hand, assert that they seek more than the issuance of marriage licenses.  Plaintiffs have broadly challenged all Alabama laws that prohibit marriage by same-sex couples or that prohibit recognition by the State of the marriages of same-sex couples.  As the Attorney General of Alabama, Strange has the responsibility of appearing in federal courts "in any case in which the state may be interested in the result." ALA. CODE § 36-15-1(2).  Strange has appeared in several cases to defend the validity of Alabama's laws that prohibit same-sex marriage.  Strange admitted in a Northern District case that he "maintains enforcement authority regarding the Alabama Marriage Prohibitions and their application to conduct of the State and its subdivisions and court system." Aaron-Bush v. Strange, Case No. 1:14-cv-01091-RDP (N.D. Ala.) (Docs. 1, ¶ 18; Doc. 13, ¶ 18).

The court finds that Plaintiffs have met their burden of demonstrating standing against Attorney General Strange.  As this court has previously explained, this case is about more than the issuance of formal pieces of paper that state that

the Plaintiff couples are married.  If Plaintiffs' marriages are not recognized as valid in Alabama then their marriage licenses will be inconsequential.  Plaintiffs' alleged injuries cannot be fully redressed by the other defendants in this case.  Probate judges can issue marriage licenses to the Plaintiffs, but for their marriages to have any meaning, the Attorney General must recognize those marriages as valid.  The laws of Alabama expressly state that "[a] marriage contracted between individuals of the same sex is invalid in this state" and "[t]he State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued." ALA. CODE § 30-1-19.  Thus, a Plaintiff's receipt of a marriage license from a probate judge will not result in a valid marriage absent the Attorney General being bound by the rulings in this case.

If not subject to an injunction, Strange could even initiate or direct that actions be filed against the Plaintiffs for falsely declaring their marital status in state forms.  See e.g. ALA. CODE § 40-18-27(d) (prohibiting false statements in tax returns); ALA. CODE. § 22-1-11 (false statement in applications for Medicaid).  Strange could also prosecute any person who performed a marriage ceremony for a same-sex couple.  See ALA. CODE § 30-1-11 (penalizing solemnization of marriage without a license).

Federal courts in other states have found standing existed to sue the state Attorney General in suits asserting constitutional claims against state laws that prohibited same-sex marriage.  See e.g. Baskin v. Bogan, 12 F.Supp.3d 1144 (S.D.

Ind.) aff'd, 766 F.3d 648 (7th Cir. 2014), cert. denied, 135 S.Ct. 316(2014); <u>Citizens for Equal Protection v. Bruning</u>, 455 F.3d 859 (8th Cir. 2006).  For instance, the <u>Baskin</u> court found that because the plaintiffs had broadly challenged Indiana's law that prohibited same-sex marriage and the Attorney General had broad powers to enforce criminal statutes that could result in criminal penalties, that the Attorney General had a sufficient connection and role in enforcing such statutes for the plaintiff couples to have standing against him. <u>Baskin</u>, 12 F.Supp.3d at 1152-53. As in the <u>Baskin</u> case, the Plaintiffs in this case have broadly challenged Alabama's laws that prohibit same-sex marriage and the Attorney General has broad powers to enforce statutes that provide criminal penalties relating to same-sex marriages.

In light of all of the above, the court concludes that Plaintiffs have met their burden of showing that they have standing against Attorney General Strange. Accordingly, the motion of Defendant Luther Strange to dismiss pursuant to Rule 12(b) (Doc. 101), is **DENIED**.

**DONE and ORDERED** this 23rd day of April, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE