IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES N. STRAWSER <u>et</u> <u>al.</u>, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-0424-CG-C |
| | ) | |
| LUTHER STRANGE, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on Plaintiffs' motion for class certification

(Doc. 76), opposition filed by Defendants Luther Strange (Docs. 78, 99) and Judge

Don Davis (Doc. 90), and Plaintiffs' reply (Doc. 100).  For the reasons explained

below, the Court finds that Plaintiffs' motion for class certification should be

granted.

## DISCUSSION

Plaintiffs move for class certification of a Plaintiff Class and a Defendant

Class in this matter.  The Plaintiff Class is defined as:

> All persons in Alabama who wish to obtain a marriage license in order
> to marry a person of the same sex and to have that marriage
> recognized under Alabama law, and who are unable to do so because of
> the enforcement of Alabama's laws prohibiting the issuance of
> marriage licenses to same-sex couples and barring recognition of their
> marriages.

The proposed Defendant Class is defined as: "All Alabama county probate judges who are enforcing or in the future may enforce Alabama's laws barring the issuance of marriage licenses to same-sex couples and refusing to recognize their marriages."

Whether to certify a class is a matter within the discretion of the court. Moore v. Am. Fed'n of Television & Radio Artists, 216 F.3d 1236, 1241 (11th Cir.2000), cert. denied, 533 U.S. 950 (2001).  "The initial burden of proof to establish the propriety of class certification rests with the advocate of the class." Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir.2000), cert. denied, 532 U.S. 919 (2001).  Chief among the justifications for class certification is its efficiency: adjudication of a properly-constituted class action generally has res judicata effect and "saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion." Califano v. Yamasaki, 442 U.S. 682, 701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).  For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must satisfy all four of the threshold requirements set forth in Federal Rule of Civil Procedure 23(a) and then show that the action is maintainable under at least one of the three provisions of Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Turner v. Beneficial Corp., 242 F.3d 1023, 1025 (11th Cir. 2001) ( en banc ), cert. denied, 534 U.S. 820.  The four threshold requirements are (1) numerosity: "the class is so numerous that joinder of all members is impractical;" (2) commonality: "there are questions of law or fact common to the class;" (3) typicality: the claims or defenses of

the representative parties are typical of the claims or defenses of the class; and" (4)

adequacy: "the representative parties will fairly and adequately protect the

interests of the class." FED. R. CIV. P. 23(a); Turner, 242 F.3d at 1025 n. 3; Pickett v.

Iowa Beef Processors, 209 F.3d 1276, 1279 (11th Cir. 2000).  Rule 23(b) requires a

party to show that either (1) prosecution by separate actions would create a risk of

inconsistent results; or (2) defendants have acted in ways generally applicable to

the class, making declaratory or injunctive relief appropriate; or (3) common

questions of law or fact predominate over individual issues. Moore, 216 F.3d at

1241.

**A. Rule 23(a)**

**1. Numerosity**

For a class to meet the first requirement of Rule 23(a), it must be "so

numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).

"[N]o bright-line test for determining numerosity" exists and the "determination

rests on the Court's practical judgment in light of the facts of the case." Wright v.

Circuit City Stores, Inc., 201 F.R.D. 526, 537 (N.D. Ala. 2001) (citations omitted).

However, it has been held that "generally less than twenty-one is inadequate, more

than forty adequate, with numbers between varying according to other factors." Cox

v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986); see also

LaBauve v. Olin Corp., 231 F.R.D. 632, 665 (S.D. Ala. 2005) ("Numerosity is

generally presumed when a proposed class exceeds 40 members." citations omitted).

"[A] plaintiff need not show the precise number of members in the class." Evans v.

U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983).  "Estimates as to the size of the proposed class are sufficient for a class action to proceed." Wright, 201 F.R.D. at 537 (citation omitted).  "Furthermore, this Court may make common sense assumptions to support a finding of numerosity." Dujanovic v. MortgageAmerica, Inc., 185 F.R.D. 660, 666 (N.D. Ala. 1999) (citations and internal quotations omitted).  "[W]here the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c)(1)." Evans, 696 F.2d at 930 (citations omitted).

To support their numerosity claim with regard to the proposed Plaintiff Class, Plaintiffs cite to census data from 2010 indicating that Alabama is home to approximately 6,582 same-sex couples. (Doc. 76-2).  Hundreds of gays and lesbians married statewide in Alabama following entry of this Court's previous orders and the experience of other states indicates that when they are allowed to do so, many same-sex couples will continue to marry well after their right to do so was first recognized. M.V. Lee Badgett & Christy Mallory, The Windsor Effect on Marriages by Same-Sex Couples, The Williams Institute, 1 (Dec. 2014), http:bit.ly/1Cx57w6 (reporting that despite the fact that same-sex marriage had been available in these states since at least 2010, in Connecticut there were 668 same-sex marriages in 2012 and 1355 same-sex marriages in 3013, in New Hampshire there were 389 same-sex marriages in 2012 and 566 same-sex marriages in 2013, and in Vermont there were 472 same-sex marriages in 2012 and 980 same-sex marriages in 2013).

When presented with similar evidence the District Court for the Western District of

Virginia found that numerosity had plainly been met, explaining as follows:

> Plaintiffs here ground their good faith estimate on the 2010 United
> States Census, which reported over 15,000 same-sex households in the
> Commonwealth. Br. in Supp. re Mot. to Certify Class, Dkt. No. 27, at 5.
> While defendants question the reliability of the census data cited by
> plaintiffs, there can be little doubt that the numerosity requirement is
> satisfied. Defendants' argument is akin to the one rejected by the
> Court in Thomas v. Louisiana–Pacific Corp., 246 F.R.D. 505
> (D.S.C.2007). "Although Defendants contest numerosity, Defendants in
> substance simply argue Plaintiffs' estimate is incorrect. Even
> assuming the accuracy of Defendants' estimates, the numerosity
> requirement is satisfied[.]" Id. at 509. The same is true in this case.
> Even if the census data is off by an order of magnitude, the numerosity
> requirement is plainly met. See, e.g., Gunnells v. Healthplan Servs.,
> Inc., 348 F.3d 417, 425 (4th Cir.2003) (noting with approval the district
> Court's observation that "1400 employees plus their families" "easily"
> satisfied Rule 23(a)(1)'s numerosity requirement).Recent experience in
> Utah makes this point clear. In an article posted on January 8, 2014,
> CNN reported that "[o]fficials say more than a thousand marriage
> licenses between gay and lesbian couples were issued in the 17 days
> between the initial ruling and the high court's Monday order blocking
> enforcement." Bill Mears, *Utah Will Not Recognize Same–Sex
> Marriages Performed Before High Court Stay*, CNN Political Ticker
> (Jan. 8, 2014, 1:17 PM), http:// politica/ ticker. blogs. cnn. com/ 2014/
> 01/ 08/ utah- will- not- recognize- same- sex- marriages- performed-
> before- high- court- stay/. The 2010 census data, coupled with the
> actual experience in Utah, amply supports the conclusion that the
> number of same-sex couples in Virginia seeking to be married under
> the laws of the Commonwealth far exceeds any number which would
> be practical for joinder. Plaintiffs' good faith estimate meets the
> numerosity requirement.

Harris v. Rainey, 299 F.R.D. 486, 490 (W.D. Va. 2014).  Although the estimated

number of same-sex households in Alabama is considerably less than in Virginia,

the number estimated in Alabama still far exceeds the amount needed to satisfy the

numerosity requirement.  The Court is also aware of the considerable confusion that

followed this Court's entry of orders finding that Alabama's laws prohibiting the

issuance of marriage licenses to same-sex couples and barring recognition of their

marriages were unconstitutional. Although hundreds of same-sex couples were

reportedly able to obtain marriage licenses, there were many more, like the new

named Plaintiffs in this case, that were denied marriage licenses or did not attempt

to apply for a license for fear of being turned away or because it was difficult to

make firm wedding plans not knowing if they could obtain a marriage license. As

reported above, the number of same-sex couples that sought marriage licenses well

after the initial allowance of such marriages in Connecticut, New Hampshire and

Vermont – states with smaller populations than Alabama, far exceeded any number

that would be practical for joinder. Thus, even if there had been no confusion over

the issuance of marriage licenses in Alabama, the experience of these other states

indicates that the number of same-sex couples who would seek marriage licenses in

the coming years if they were permitted to do so would far exceed the number that

would be practical for joinder. Accordingly, this Court finds that the 2010 census

data coupled with the actual experience in other states amply supports the

conclusion that the number of same-sex couples in Alabama seeking to be married

far exceeds any number which would be practical for joinder.

Defendants contend that the Plaintiff Class is too vague because it is based

on subjective standards - whether a couple desires a marriage license. However, as

Plaintiffs point out, probate judges would have no difficulty identifying those

affected by the requested injunction since any same-sex couples who attempt to

apply for a marriage license plainly qualify as members of the proposed class. In a

similar case, the Western District of Virginia was presented with a similar objection to a proposed class and found that the potential plaintiffs' application for a marriage license was observable and objective. Harris, 299 F.R.D. at 496 -497 ("Here, observable and objective actions determine whether couples fall within the class definition by virtue of their application for a marriage license or request for recognition of an out-of-state marriage."). As in Harris, the proposed class definition here "will not require any individualized fact-finding, nor is it based on unknowable or unascertainable information. As such, it meets the requirement of ascertainability." Id. at 497.

The fact that the class members "are not specifically identifiable supports rather than bars the bringing of a class action, because joinder is impracticable." Doe v. Charleston Area Med. Ctr., Inc., 529 F.2d 638, 645 (4th Cir. 1975); see also Meyer v. Citizens and Southern Nat. Bank, 106 F.R.D. 356, 360 (M.D. Ga. 1985) ("Difficulty in identifying class members makes joinder more impractical and certification more desirable." citing Charleston Area Med. Ctr., Inc. supra and Jack v. American Linen Supply Co., 498 F.2d 122, 124 (5th Cir. 1974)). Nor is it a problem that seeking to obtain a marriage license involves an element of choice. As Plaintiff correctly points out, courts have routinely certified classes defined by characteristics of choice. See e.g. Pederson v. Louisiana State University, 213 F.3d 858, 865 (5th Cir. 2000) (class consists of female students who seek to participate in varsity intercollegiate athletics); Carpenter v. Davis, 424 F.2d 257, 260 (5th Cir. 1970) (class includes all who wish or expect to write for, publish, sell or distribute

the newspaper in the future); Charleston Area Med. Ctr., Inc., 529 F.2d at 645

(class consists of persons seeking abortions).

As to the proposed Defendant Class, Plaintiffs seek to certify as defendants,

all Alabama county probate judges who are enforcing or in the future may enforce

Alabama's laws barring the issuance of marriage licenses to same-sex couples and

refusing to recognize their marriages.  There are 68 probate judges in Alabama, all

of which have refused, or may in the future refuse, to issue marriage licenses to

same-sex couples based on Alabama's laws.  As discussed above, "[n]umerosity is

generally presumed when a proposed class exceeds 40 members." LaBauve, 231

F.R.D. at 665.  Although the members of the Defendant Class are readily

identifiable, the Court finds that joinder of all of them is impractical.  As stated

previously, one of the primary reasons for certifying a class is its efficiency.

Adjudication of this case as to all 68 probate judges "saves the resources of both the

courts and the parties by permitting an issue potentially affecting every [class

member] to be litigated in an economical fashion." Califano, 442 U.S. at 701.

Plaintiffs identify many courts that have certified defendant classes of local or

county-level official in cases that challenge a law executed at a local level. See e.g.

Callahan v. Wallace, 466 F.2d 59 (5th Cir. 1972) (defendant class of justices of the

peace, sheriffs and state troopers); Monaco v. Stone, 187 F.R.D. 50 (E.D.N.Y. 1999)

(local criminal court judges); Ragsdale v. Turnock, 734 F. Supp. 1457 (N.D. Ill. 1990)

(all State Attorneys), aff'd, 941 F.2d 501 (7th Cir. 1991); Akron Ctr. for Reprod.

Health v. Rosen, 110 F.R.D. 576 (N.D. Ohio 1986) (state prosecutors); Harris v.

Graddick, 593 F. Supp. 128 (M.D. Ala. 1984) (county officials responsible for appointing poll officials).  Courts in Alabama have even certified the same defendant class requested in this case – all Alabama probate judges. See e.g. Hadnott v. Amos, 295 F.Supp. 1003, 1005 (M.D. Ala. 1968) rev'd on other grds., 394 U.S. 358, 89 S.Ct. 1101, 22 L.Ed.2d 336 (1969) (certifying a class of defendants composed of the Judges of Probate of all counties in Alabama); Sims v. Frink, 208 F.Supp. 431 (M.D. Ala. 1962) aff'd, sub nom., Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) (same).  The Court finds that while all 68 probate judges are known, it is impracticable to join them all and their inclusion in the class will serve the interests of judicial economy.

### 2. Commonality

Commonality requires the presence of questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2).  Commonality requires "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." Bussey v. Macon County Greyhound Park, Inc., 562 Fed.Appx. 782, 788 (11th Cir. 2014) (citation and internal quotations omitted).  "That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal–Mart Stores, Inc. v. Dukes, --- U.S. ---, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). In this case, only same-sex couples who seek a marriage license and to have that marriage recognized under Alabama law are included as members of the Plaintiff

Class.  Judge Davis contends that commonality is not met because some of the

named plaintiffs have already obtained partial relief in that they were issued

marriage licenses in Alabama.  Judge Davis's argument seems to be more a

question of standing, which this Court has previously addressed.  Commonality does

not require that the class have all the same issues in common.  "The claims actually

litigated in the suit must simply be those fairly represented by the named

plaintiffs." Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1557 (11th Cir. 1986).

The validity of the marriage licenses that have been issued to same-sex couples in

Alabama is still at issue.  If probate judges view Plaintiffs' marriage documents as

invalid or void, probate Court records could reflect that the Plaintiffs who have

received marriage licenses are not validly married.  Additionally, if probate judges

refuse to recognize same-sex marriages the plaintiffs' rights will be affected when

petitioning for adoption or when their estates are being probated.  Plaintiffs' claims

are based on the same legal theories as those of the absent class members.

Whatever factual nuances may exist among putative class members, the legal relief

sought is the same: a declaratory judgment striking down Alabama's laws banning

same-sex marriage and an injunction barring their enforcement.  Such relief rests

on identical questions of law and would clearly resolve the claims class-wide and in

one stroke.

Similarly, there are common questions of law that would be resolved as to all

of the members of the proposed Defendant Class.  The proposed Defendant Class

consists of 68 probate judges who are enforcing Alabama's laws barring same-sex

10

couples from marrying.  The question common to the entire Defendant Class is

whether their enforcement of Alabama's laws barring same-sex couples from

marriage violates the Due Process and Equal Protection Clauses of the Fourteenth

Amendment.  The resolution of this question will resolve the claims against all of

members of the class in one stroke.  Thus, the Court finds that the Defendant Class

meets the commonality requirement of Rule 23(a).

### 3. Typicality

Typicality requires that "the claims or defenses of the representative parties

[be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).  Although

the issues of commonality and typicality are separate, the proof required for each

tends to merge. Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 456 (11th Cir.1996)

(citation omitted).  "Traditionally, commonality refers to the group characteristics of

the class as a whole, while typicality refers to the individual characteristics of the

named plaintiff in relation to the class." Piazza v. Ebsco Industries, Inc., 273 F.3d

1341, 1346 (11th Cir. 2001) (citation omitted).  "The claim of a class representative

is typical if the claims or defenses of the class and the class representative arise

from the same event or pattern or practice and are based on the same legal theory."

Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1357 (11th Cir. 2009).  In the

instant case, Plaintiffs ask this Court to appoint Kristi Ogle and Jennifer Ogle,

Keith Ingram and Albert Holloway Pigg III, Gary Wayne Wright II and Brandon

Mabrey as class representatives.  The proposed class representatives seek to marry

and have their marriages recognized, but have been refused a marriage license

because they are of the same sex.  Their inability to be married and have their

marriages recognized because they are of the same sex is shared by all members of

the proposed Plaintiff Class and arises from the same event or pattern or practice of

events.  Similarly, the Defendant class representatives have typical defenses to

those claims.  The Defendants all operate under the same statutory framework and

have the same ministerial duties.  Their defenses arise from the same course of

events and each class member may make the same legal arguments to defend

against the Plaintiffs' allegations.  Because the injuries, claims and defenses of the

named Plaintiffs and Defendants in this case are typical of the injuries, claims of

the entire proposed classes, the typicality requirement of Rule 23(a) is met.

### 4. Adequacy

Adequacy of representation requires that "the representative parties will

fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The

adequacy of representation requirement encompasses two inquiries: "(1) whether

any substantial conflicts of interest exist between the representatives and the class;

and (2) whether the representatives will adequately prosecute the action." Valley

Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1189 (11th Cir.2003) (citation

omitted).  Defendants do not seriously challenge the assertion that the named

Plaintiffs and their counsel will vigorously prosecute this action.  Additionally,

because the Court has determined that the named Plaintiffs and the putative class

share commonality and typicality, it follows, that "the named plaintiff[s'] claim[s]

and the class claims are so interrelated that the interests of the class members will

12

be fairly and adequately protected in their absence." Dukes, 131 S.Ct. at 2551 n. 5

(noting that commonality and typicality determinations tend to merge with the

adequacy-or-representation requirement); see also Amchem Prods., Inc., 521 U.S. at

620 ("The adequacy-of-representation requirement tends to merge with the

commonality and typicality criteria of Rule 23(a), which serve as guideposts for

determining whether maintenance of a class action is economical and whether the

named plaintiff's claim and the class claims are so interrelated that the interests of

the class members will be fairly and adequately protected in their absence."

citations omitted).  The Court finds that Plaintiffs have no substantial conflict of

interest with the class and that Plaintiffs will adequately prosecute this action on

behalf of the Plaintiff Class.

As to the Defendant Class adequacy of representation, Defendant Davis

asserts that he cannot be an effective class representative because there is no

unified position of the 68 probate judges on the constitutionality of denying

marriage licenses to same-sex couples and because he has never made public

statements or taken a public stance on the matter.  However, the issuance of

marriage licenses is a purely ministerial act. See Ex parte State ex rel. Alabama

Policy Institute, 2015 WL 892752, * 4, 8 (Ala., March 3, 2015) (discussing and

referring to the probate judges' "ministerial act of licensing marriages").  None of

the Defendant Class members are charged with discretion or judgment in carrying

out this ministerial duty.  Whatever their personal positions are on the

constitutionality of Alabama's marriage laws, it is their common obligation to carry

out their ministerial duties that give rise to a common defense. See Sherman ex rel.
Sherman v. Township High School Dist., 540 F.Supp.2d 985, 992 (N.D. Ill. 2008)
("Whatever the position of any individual school district on the constitutionality of
the Act, the common obligation to implement it gives rise to a common defense.");
see also National Broadcasting Co., Inc. v. Cleland, 697 F.Supp. 1204, 1217 (N.D.
Ga. 1988) ("Because the Fulton County Board has the same duties and
responsibilities as all other county Superintendents of Elections, the Fulton County
Board, as class representative, can fairly and adequately protect the interests of the
defendant class of Superintendents."). "Rule 23(a)(4) does not require a willing
representative, [but] merely an adequate one." Cleland, 697 F.Supp at 1217.
Additionally, "any perceived weaknesses in [Judge Davis's] status as class
representative stemming from [his] professed neutrality" "are offset by the inclusion
of [Attorney General Strange] as a named defendant" who is defending the statutes
constitutionality. Sherman, 540 F.Supp.2d at 992; see also Redhail v. Zablocki, 418
F.Supp. 1061, 1066 (D.C. Wis. 1976) ("Not only is defendant Zablocki's interest
identical to that of the other county clerks, but the attorney representing him is
from the Milwaukee County Corporation Counsel's office which is experienced in
conducting federal litigation. Furthermore, the Attorney General of Wisconsin has
taken an active part in this action, urging that the challenged statute be upheld.").
In light of the foregoing reasons, the Court finds that each of the four Rule 23(a)
requirements is satisfied for both the proposed Plaintiff and Defendant Classes.

**B. Rule 23(b)**

In addition to meeting the requirements of Rule 23(a), a class must also qualify under one of the three "types" of classes set forth in Rule 23(b). Plaintiffs contend certification under both 23(b)(1)(A) and 23(b)(2) are proper.

Federal Rule of Civil Procedure 23(b)(1)(A) provides for class adjudication where there is a risk that inconsistent or varying judgments in separate lawsuits "would establish incompatible standards of conduct for the party opposing the class." FED. R. CIV. P. 23(b)(1)(A). Because the risk that judicial action will create incompatible standards of conduct is low when a party seeks compensatory damages, only actions seeking declaratory or injunctive relief can be certified under Rule 23(b)(1)(A). In re Dennis Greenman Sec. Litig., 829 F.2d 1539, 1545 (11th Cir.1987). In the instant case, Plaintiffs do not seek compensatory damages and it is clear that the prosecution of separate actions by individuals would create a risk of inconsistent and varying adjudications. Defendants' only real argument against certification under 23(b)(1)(a) is that the issues will only really be resolved when the United States Supreme Court has the final say on these inconsistencies. This Court has already considered Defendants' requests to stay this case pending the Supreme Court's ruling and has denied said requests. A class-wide ruling by this Court would definitively determine the issues as to all of the Plaintiffs' claims against all 68 probate judges in Alabama. This Court is aware that the Supreme Court of the United States will ultimately have the final say on these issues, but until that time

15

this Court must consider the claims and rights of the parties before this Court.  The

Court finds certification is proper under Rule 23(b)(1)(A).

The Court also finds that certification is proper under Rule 23(b)(2).  Rule

23(b)(2) applies when "the party opposing the class has acted or refused to act on

grounds that apply generally to the class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as a whole."

FED. R. CIV. P. 23(b)(2).  "The 'generally applicable' language signifies 'that the

party opposing the class does not have to act directly against each member of the

class.' " Harris, 299 F.R.D. at 494 (quoting WRIGHT & MILLER § 1775).  "Instead,

'[t]he key is whether the party's actions would affect all persons similarly situated

so that those acts apply generally to the whole class.' " Id. (citations omitted).  For

class certification under 23(b)(2), "[t]wo basic requirements must be met: (1) the

class members must have been harmed in essentially the same way by the

defendant's acts; and (2) the common injury may properly be addressed by class-

wide injunctive or equitable remedies. Williams v. Nat. Sec. Ins. Co., 237 F.R.D.

685, 693 (M.D. Ala. 2006) (citing Holmes v. Continental Can Co., 706 F.2d 1144,

1155 (11th Cir.1983)).  Defendants' alleged conduct is directed against a specific

class of people, same-sex couples, and is uniform in its application.  All Plaintiff

Class members have been harmed by being denied the ability of obtaining a

marriage license and their injury can be properly addressed by class-wide injunctive

relief.  Thus, this case falls squarely within the ambit of Rule 23(b)(2).

## CONCLUSION

For the reasons explained above:

**1.** Plaintiffs' motion to certify a Plaintiff Class consisting of all persons in Alabama who wish to obtain a marriage license in order to marry a person of the same sex and to have that marriage recognized under Alabama law, and who are unable to do so because of the enforcement of Alabama's laws prohibiting the issuance of marriage licenses to same-sex couples and barring recognition of their marriages is **GRANTED**.

**2.** The Court **APPOINTS** Kristi Ogle and Jennifer Ogle, Keith Ingram and Albert Holloway Pigg III, Gary Wayne Wright II and Brandon Mabrey as Lead Plaintiffs and Plaintiff Class representatives.

**3.** The Court **APPOINTS** the National Center for Lesbian Rights, Americans United for Separation of Church and State, the Southern Poverty Law Center, and ACLU Foundation of Alabama as Co-Lead Counsel for Lead Plaintiffs and the Plaintiff Class.

**4.** Plaintiffs' motion to certify a Defendant Class consisting of all Alabama county probate judges who are enforcing or in the future may enforce Alabama's laws barring the issuance of marriage licenses to same-sex couples and refusing to recognize their marriages is **GRANTED**.

**5.** The Court **APPOINTS** Judge Don Davis and Judge Tim Russell as Lead Defendants and Defendant Class representatives.

**6.** The Court **APPOINTS** Lee L. Hale, Satterwhite, Druhan, Gaillard & Tyler, LLC, and Boardman, Carr, Bennett, Watkins, Hill & Gamble, P.C. as Co-Lead Counsel for Lead Defendants and the Defendant Class.

**DONE** and **ORDERED** this 21st day of May, 2015

/s/ Callie V. S. Granade
**UNITED STATES DISTRICT JUDGE**