**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JAMES N. STRAWSER, <u>et</u> al.,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )    **CIVIL ACTION NO. 14-0424-CG-C** |
| | ) |
| **LUTHER STRANGE, in his official** | ) |
| **capacity as Attorney General for** | ) |
| **the State of Alabama, et al.,** | ) |
| | ) |
| **Defendants** | |

**ORDER**

This matter is before the court on the motion of Judge Tim Russell to alter, amend or vacate (Doc. 114), Plaintiffs' response (Doc. 118), and Judge Russell's reply (Doc. 121). For the reasons stated below, Judge Russell's motion is due to be denied.

Judge Russell moves for reconsideration of the order of April 23, 2015 (Doc. 111). "'In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.'" <u>Garrett v. Stanton</u>, 2010 WL 320492, *2 (S.D. Ala. 2010) (quoting <u>Gougler v. Sirius Products, Inc.</u>, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005); <u>see</u> <u>also</u> <u>Spellman v. Haley</u>, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). "A motion to reconsider is not a vehicle 'to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to entry of judgment.'" Id. (quoting

Exxon Shipping Co. v. Baker, 554 U.S. 471, 128 S.Ct. 2605, 2617 n. 5, 171 L.Ed.2d

570 (2008).  "It is… improper to utilize a motion to reconsider to ask a district court

to rethink a decision once made, merely because a litigant disagrees" because

"[i]magine how a district court's workload would multiply if it was obliged to rule

twice on the same arguments by the same party upon request." Garrett, 2010 WL

320492 at *2 n. 1.

Because the order denying dismissal is not a final order or judgment, the

decision whether to reconsider the order must be analyzed under the stricter

provision of 60(b), rather than 59(e). See FED. R. CIV. P. 59(e).  Federal Rule of Civil

Procedure 60(b) provides that a court may relieve a party from a judgment or order

for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been
discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic),
misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment
upon which it is based has been reversed or otherwise vacated, or it is no longer
equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Generally, a "motion to reconsider is only available when a party presents the

court with evidence of an intervening change in controlling law, the availability of

new evidence, or the need to correct clear error or manifest injustice." Gipson v.

2

Mattox, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007).

Judge Russell's motion contends that this court failed to address his legal argument that he is entitled to quasi-judicial immunity.  Rule 60(b)(1) permits a court to relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b)(1) can be used "to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977).  "[S]ome courts have applied 60(b)(1) to theories of mistake of law when the motion was filed before the time to file a notice of appeal had expired." Wendy's Intern., Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 687 (M.D. Fla. 1996) (citing Morris v. Adams-Millis Corp., 758 F.2d 1352, 1358 (10th Cir. 1985)).  "However such relief is available only for obvious errors of law and limited to 'perfunctory correction." Id. (citing Alvestad v. Monsanto Co., 671 F.2d 908, 912-13 (5th Cir.), cert. denied, 459 U.S. 1070 (1982)); see also Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992) ("where a district court's mistake was 'clear on the record' and involved a 'plain misconstruction of the law..., compelling policies of basic fairness and equity reflected by 60(b)' may mandate amendment to 'conform its judgment to the law.'" (citations omitted)).   In this case, the Court finds that there were not any facially obvious errors of law that require perfunctory correction in the April 23, 2015, order that denied Russell's motion to dismiss.

To the extent that Judge Russell contends the Court misconstrued his immunity argument in its order, the Court adds the following.  Judge Russell

argues that he is entitled to quasi-judicial immunity because he is enforcing the order of the State Supreme Court and cites Roland v. Phillips, 19 F.3d 552 (11th Cir. 1994), for the contention that officials executing a facially valid court order are protected by absolute quasi-judicial immunity.  The Roland court stated that "[n]onjudicial officials are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.' " Id. at 555 (quoting Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir.1980)).  The Roland court found that a county sheriff and deputy sheriffs were protected by quasi-judicial immunity from claims brought against them for complying with a judicial order to reconnect residential water supply. Plaintiffs point out in their response that Plaintiffs are not seeking to hold Judge Russell liable for complying with the Alabama Supreme Court's decision, but seek only to redress the deprivation of their constitutional rights.  While the Roland plaintiffs were also attempting to protect their civil rights, this case is distinguishable fro Roland in that the relief sought by Plaintiffs here does not necessarily require that Judge Russell go against the Alabama Supreme Court's decision.  For instance, Judge Davis is reportedly complying with both the injunction entered against him in this case and the orders issued by the Alabama Supreme Court.  Under the circumstances here present, the Court finds that quasi-judicial immunity does not apply.  Accordingly, Judge Russell's motion to alter, amend or vacate (Doc. 114) is **DENIED**.

 **DONE and ORDERED** this 21st day of May, 2015.

     /s/  Callie V. S. Granade
     UNITED STATES DISTRICT JUDGE