IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES N. STRAWSER, et al.,           )
                                     )
                                     )
       Plaintiffs,                   )
                                     )
vs.                                  )       CIVIL ACTION NO. 14-0424-CG-C
                                     )
LUTHER STRANGE, in his official      )
capacity as Attorney General for     )
the State of Alabama, et al.,        )
                                     )
                                     )
       Defendants                    )

**ORDER**

This matter is before the court on the motion of Judge Don Davis to withdraw as Class Representative and for his counsel to withdraw as Class Counsel (Doc. 130), Plaintiffs' opposition thereto (Doc. 135), Judge Davis' amended motion (Doc. 147), Plaintiffs' opposition to the amended motion (Doc. 149), Plaintiffs' motion for permanent injunction and final judgment (Doc. 142), opposition to Plaintiffs' motion filed by Attorney General Luther Strange (Doc. 150), Judge Tim Russell (Doc. 151), and Judge Davis (Doc. 152), Plaintiffs' reply (Doc. 159), the motion of Attorney General Strange to dismiss (Doc. 166), Plaintiffs' opposition to dismissal (Doc. 167), Attorney General Strange's reply (Doc. 170), and supplemental authority filed by Plaintiffs (Docs. 162, 171, 173, 174, 175).  For the reasons explained below, the Court finds that the motion of Judge Davis to withdraw and the motion of Attorney General Strange to dismiss should be denied and that Plaintiffs' motion for

permanent injunction and final judgment should be granted.

## I. Motion to Withdraw as Class Representative and as Class Counsel

Defendant Davis asks to withdraw because he does not want to continue to represent the class or pay expenses associated with litigating this case.  However, as this Court has previously stated, "Rule 23(a)(4) does not require a willing representative, [but] merely an adequate one." (Doc. 122, p. 14 (quoting National Broadcasting Co., Inc. v. Cleland, 697 F.Supp. 1204, 1217 (N.D. Ga. 1988)).  "In contrast with representatives of plaintiff classes, named defendants almost never choose their role as class champion [as] it is a potentially onerous one thrust upon them by their opponents." Marcera v. Chinlund, 595 F.2d 1231, 1239 (2d Cir.), vacated on other grounds sub nom. Lombard v. Marcera, 442 U.S. 915, 99 S. Ct. 2833, 61 L. Ed. 2d 281 (1979).  "But courts must not readily accede to the wishes of named defendants in this area, for to permit them to abdicate so easily would utterly vitiate the effectiveness of the defendant class action as an instrument for correcting widespread illegality." Id.  This Court previously found that Judge Davis is adequate to represent the Defendant Class.  After reviewing Judge Davis' motion and amended motion, the Court finds that Judge Davis has not provided any justification to reconsider that decision.  The Court also finds no justification for permitting counsel to withdraw as Defendants' Class Counsel.

## II. Motion to Dismiss as Moot

Attorney General Strange moves to dismiss this case as moot because a permanent injunction barring the enforcement of Alabama's marriage laws have

already issued and the Attorney General continues to remain in full compliance

with it.  The Attorney General acknowledges that the Supreme Court's decision in

Obergefell v. Hodges 135 S.Ct. 2584(2015) is the law of the land.  He contends that

nothing more remains to be done in this case and that there is no longer a live case

or controversy between the Attorney General and the Plaintiffs.  Defendants

Russell and Davis also argue that the case is moot in their opposition to Plaintiffs'

motion for permanent injunction.  Russell contends that he has been issuing

marriage licenses to same-sex couples on the same priority and in the same manner

as those licenses are issued to couples of the opposite sex.  Davis also argues that

Alabama probate judges have complied with the reasoning of the Obergefell ruling.

Plaintiffs conversely argue that none of the Defendants' assurances provide

Plaintiffs or the members of the Plaintiff Class with a formal, enforceable order

should the Attorney General (or a future Attorney General) or other Defendants

violate this Court's injunction or fail to fully recognize marriages validly entered

into in Alabama or elsewhere.  Current or future state and county officials may

disagree about Obergefell's applicability to the challenged Alabama laws or

otherwise resist the decision.  This Court agrees that the need for a permanent

injunction is clear.  As the Northern District of Florida recently explained "a

government ordinarily cannot establish mootness just by promising to sin no more."

Brenner v. Scott, Case No. 14-cv-107-RH/CAS, Order granting summary judgment

(N.D. Fla. March 30, 2016).  "A 'defendant's voluntary cessation of allegedly

unlawful conduct ordinarily does not suffice to moot a case.' " Id. (quoting Friends of

the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 174 (2000)).  "A case

becomes moot only 'if subsequent events made it absolutely clear that the allegedly

wrongful behavior could not reasonably be expected to recur.' " Id. (quoting Laidlaw

supra).  "The formidable, heavy burden of persuading the court that the challenged

conduct cannot reasonably be expected to start up again lies with the party

asserting mootness." Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1184

(11th Cir. 2007) (quoting Laidlaw supra).  Here the Attorney General and other

Defendants have not satisfied this burden.

To demonstrate that the case is moot, Defendants must show that both of the

following conditions are satisfied:

> (1) it can be said with assurance that there is no reasonable expectation . . . that
> the alleged violation will recur, and

> (2) interim relief or events have completely and irrevocably eradicated the effects
> of the alleged violation.

Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979) (citations and internal

quotations omitted).  Courts consider at least three factors in determining whether

a defendant has unambiguously terminated the challenged conduct:

> First, courts consider the timing and content of the decision to terminate the
> conduct. Rich [v. Fla. Dep't of Corr., 716 F.3d 525, 532 (11th Cir. 2013)].
> Second, courts consider whether the change in conduct was the result of
> substantial deliberation or was instead an attempt to manipulate the court's
> jurisdiction. Id.  And third, courts consider whether the new policy has been
> consistently applied. Id. If the defendant establishes unambiguous termination, the
> controversy is moot, "in the absence of some reasonable basis to believe that the
> policy will be reinstated if the suit is terminated." Troiano v. Supervisor of
> Elections in Palm Beach Cty., Fla., 382 F.3d 1276, 1285 (11th Cir. 2004).

Brenner v. Scott, Case No. 14-cv-107-RH/CAS, Order granting summary judgment

(N.D. Fla. March 30, 2016).  Given the actions by Alabama state and local officials

4

during this litigation, both before and after the Supreme Court decided <u>Obergefell</u>, it cannot be said with assurance that there is no reasonable expectation that Alabama's unconstitutional marriage laws will not again be enforced.  Although the Attorney General professes that he will continue to abide by the decision in <u>Obergefell</u>, like the defendant in <u>Brenner v. Scott</u>, "[t]here has been nothing voluntary about the defendants' change of tack."  The Defendants defended this case with vigor from the outset and the challenged statutes remain on the books.

Although Attorney General Strange is already subject to a permanent injunction from another case in this Court, <u>Searcy v. Strange</u>, No. 14-cv-208-CG-N, the other Defendants in this case are not subject to that injunction and the Plaintiffs in this case lack standing to enforce the <u>Searcy</u> injunction.  It is also apparent that certain Alabama state courts do not view this Court's ruling in <u>Searcy</u> as binding precedent, as demonstrated by the writ of mandamus issued by the Alabama Supreme Court on March 3, 2015, requiring probate judges to discontinue the issuance of marriage licenses to same-sex couples.  <u>Ex parte State ex rel. Alabama Policy Inst.</u>, 2015 WL 892752, at *43 (Ala. Mar. 3, 2015).

The Court notes that the Supreme Court of Alabama denied the pending mandamus petitions and entered judgment in <u>Ex parte State of Alabama ex rel. Alabama Policy Institute</u> on March 4, 2016.  However, the Alabama Supreme Court did not vacate or set aside its earlier writ of mandamus directing Alabama's probate judges to comply with the Alabama laws that were held unconstitutional by this Court.  Chief Justice Moore specifically stated in his concurrence that the certificate

of judgment and the dismissal of the petitions "does not disturb the existing March orders in this case or the Court's holding therein that the Sanctity of Marriage Amendment, art. I, § 36.03, Ala. Const. 1901, and the Alabama Marriage Protection Act, § 30-1-9, Ala. Code 1975, are constitutional." Ex parte State ex rel. Alabama Policy Inst., 2016 WL 859009, at *5, *39 (Ala. Mar. 4, 2016).  Chief Justice Moore went further to state that "[t]he Obergefell opinion, being manifestly absurd and unjust and contrary to reason and divine law, is not entitled to precedential value." Id. at *28.  Chief Justice Moore also stated that the Eleventh Circuit's finding that the Alabama Supreme Court's order was abrogated by the Supreme Court's decision in Obergefell "is plainly wrong." Id. at *34.

This Court is aware that Chief Justice Moore is currently suspended from his position and is facing charges before the Alabama Court of the Judiciary.  However, even if Chief Justice Moore is not reinstated to his position as Chief Justice, the concurring opinions of several other Alabama Supreme Court Justices also expressed disagreement with Obergefell.  Justice Bolin and Justice Parker also stated that the Order dismissing the mandamus petitions was not a "decision on the merits," indicating that the mandamus order finding Alabama's marriage statutes constitutional was still in effect. Id. at *40, *47.  The failure of the Alabama Supreme Court to set aside its earlier mandamus order and its willingness to uphold that order in the face of the United States Supreme Court's ruling in Obergefell demonstrate the need for a permanent injunction in this case.  It is clear that the decision by the United States Supreme Court in Obergefell does not

provide certainty that the alleged violations will not recur.  Accordingly, the Court finds that as long as the Sanctity of Marriage Amendment and the Alabama Marriage Protection Act remain on the books, there continues to be a live controversy with respect to which the Court can give meaningful relief.

### III. Motion for Permanent Injunction and Final Judgment

Plaintiffs move for entry of a permanent injunction based on the Supreme Court's decision in <u>Obergefell</u>, upholding this Court's findings in its preliminary injunction order.   The parties have had ample opportunity to respond to the merits of Plaintiffs' claims. The Court is not persuaded that the grant of class certification or its other prior rulings should be reconsidered.  Having found that this action is not moot, the Court also finds that the reasoning in <u>Obergefell</u> is determinative of the case.  Accordingly, entry of a permanent injunction is appropriate.

### CONCLUSION

For the reasons stated above, the motion of Judge Don Davis to withdraw as Class Representative and for his counsel to withdraw as Class Counsel (Doc. 130), is **DENIED**, the motion of Attorney General Strange to dismiss (Doc. 166), is **DENIED** and Plaintiffs' motion for permanent injunction and final judgment (Doc. 142), is **GRANTED**.  Final Judgment will be entered by separate order.

**DONE and ORDERED** this 7th day of June, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE