# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES N. STRAWSER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-0424-CG-C |
| | ) | |
| LUTHER STRANGE, in his official capacity as Attorney General for the State of Alabama, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

This matter is before the Court on Plaintiffs' motion to alter or amend judgment (Doc. 183), opposition thereto filed by Attorney General Luther Strange (Doc. 186), and Plaintiffs' reply (Doc. 189). For the reasons explained below, the Court finds that Plaintiffs' motion should be granted.

Plaintiffs move to alter or amend the Final Judgment entered on June 7, 2016, pursuant to FED. R. CIV. P. 59(e). Plaintiffs state that when they sought final relief in this matter (Doc. 142), they inadvertently failed to request that the preliminary injunction against the Attorney General be made permanent. This Court entered final judgment against the other named and class defendants in this case, but did not include Attorney General Strange in the final judgment. (Doc. 180). A review of the Second Amended Complaint clearly shows that Plaintiffs sought injunctive relief against Attorney General Strange. (Doc. 95). Additionally,

Attorney General Strange filed opposition against the entry of a final judgment against him, arguing that a permanent injunction against the Attorney General was not needed and that the issue was moot. (Docs. 150, 166, 170).  This Court found that the claims against Attorney General Strange were not moot and that the need for a permanent injunction is clear. (Doc. 179).  After reviewing the pleadings and background of this case, the Court finds it was an oversight of both Plaintiffs and the Court that a permanent injunction against Attorney General Strange was not included in the final judgment entered in this case.

In opposition to Plaintiffs' motion to amend Attorney General Strange attempts to rehash his previous arguments that the claims against him are moot and that a permanent injunction against him is unnecessary.  The Court is not persuaded that its previous rulings should be reconsidered.  Accordingly, the Court concludes that entry of a permanent injunction against Attorney General Strange is appropriate.

Attorney General Strange also complains that Plaintiffs have not met the standard for Rule 59(e) relief.  The decision whether to alter or amend a judgment is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted).  Reconsideration is characterized as an "extraordinary" remedy that the court should employ "sparingly." Gougler v. Sirius Products, Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally courts have recognized three grounds that justify reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence;

and (3) the need to correct clear error or manifest injustice.  Summit Medical Center of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (citation omitted). In this case, there is no intervening change in controlling law or new evidence. However, the Court finds there is a need to correct clear error or manifest injustice. This Court found that a permanent injunction should be entered against the Attorney General but failed to include one in the Final Judgment.  After review of the case, the Court now finds that omitting the Attorney General from the Final Judgment was a clear error that would be manifestly unjust if left uncorrected.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to alter or amend judgment (Doc. 183), is **GRANTED** and an Amended Final Judgment consistent with the above conclusions will be entered by separate order.

**DONE and ORDERED** this 22nd  day of August, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE