IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES N. STRAWSER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-0424-CG-C |
| | ) | |
| LUTHER STRANGE, in his official | ) | |
| capacity as Attorney General for | ) | |
| the State of Alabama, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

This matter is before the court on Plaintiffs' motion to review costs (Doc. 191). Plaintiffs previously filed their Bill of Costs requesting a total of $1,459.22 to be awarded in costs. (Doc. 182). Attorney General Luther Strange opposed the award of costs for pro hac vice fees and the costs for service, copying, and mailing notices upon Class Defendants. (Doc. 185). Defendants Judge Don Davis and Judge Tim Russell, in their official capacities and as Class Representatives, also objected to the award of admission fees of counsel as costs. (Doc. 187). The Clerk taxed $126.60 in costs, but rejected the request for fees of the Clerk in the amount of $592.00, fees for copies of Docs. 122 and 123 in the amount of $224.40 and postage for mailing notices as required by the Court in the amount of $516.22. (Doc 190).

Plaintiffs seek review of the Clerks disallowance of costs. The Court notes that the Clerk was only authorized to tax costs that are specifically listed in this Court's Standing Order 13, which states that any party desiring to tax other fees or expenses shall file a motion to re-tax the costs pursuant to FED. R. CIV. P. 54(d) and

Civil Local Rule 54.

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Insurance Co. v. Johnson, 982 F.Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citations omitted).

The Court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991); see also Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of

New York, 2009 WL 2150903, at *3 (S.D. Ala. July 13, 2009) ("The burden falls on the losing party to show that specific deposition costs or a particular court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.") (citations omitted); Monelus v. Tocodrian, Inc., 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]").

Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs that exceed those permitted by § 1920. See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Plaintiffs first seek to recover as costs the fees incurred for original district court attorney admission and for original Eleventh Circuit attorney admission. The fees for original admission are recoverable under subsection one of § 1920. Crooked Creek Properties, Inc., v. Hutchinson, 2013 WL 1857625 at *2 (M.D. Ala. May 2,

2013) (citation omitted).  Courts are split on whether a court may appropriately tax pro hac vice fees, but that is not an issue here, because Plaintiffs only requested to recover fees for original admission.  See Smith v. Joy Techs., Inc., 2015 WL 428115, at *5 (E.D. Ky. Feb. 2, 2015) (citing Kalitta AirCourt L.L.C. v. Central Texas Airborne Sys., Inc., 741 F.3d 955, 958 (9th Cir. 2013) (finding *pro hac vice* fees are not recoverable but original admission fees are) and Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896 (8th Cir. 2009) (taxing pro hac vice fees)); see also Thompson v. Equifax Credit Info. Servs., Inc., 2003 WL 1579270, at *1 (M.D. Ala. Mar. 3, 2003) (holding that pro hac vice fees are not taxable as costs); Eagle Ins. Co. v. Johnson, 982 F.Supp. 1456, 1459–1460 (M.D. Ala. 1997) (same).  Accordingly, the Court finds that the original attorney admission fees sought by Plaintiffs are recoverable as costs.

Plaintiffs next seek to recover the cost of copying Documents 122 and 123 because the Court ordered Plaintiffs to provide notice of those Orders "to each member of the Defendant Class by mailing copies of both orders by certified mail to each class member…" (Doc. 123).  Such costs are recoverable under subsection four of § 1920 since they constitute copying costs that were necessarily obtained for use in this case.  The Attorney General opposed the recovery of these copying costs on the basis that the notices were sent to members of the Defendant Class and he is not a member of the Defendant Class.  However, the Attorney General has offered no authority for disallowing costs that are associated with claims that are not asserted against all defendants.  The Attorney General's participation in this lawsuit was necessary for the Plaintiffs to ensure complete recovery if they were

4

successful. The Court also notes that the Attorney General opposed Plaintiffs' motions to amend the complaint, to certify classes and for a preliminary injunction against the Defendant Class. (Docs. 78, 99). Under the circumstances, the Court finds it appropriate to tax the costs against all of the Defendants, including the Attorney General.

Lastly, Plaintiffs seek to recover the postage costs associated with mailing copies of Documents 122 and 123 as ordered by the Court. The Eleventh Circuit has held that postage is not a taxable cost. Gary Brown & Assoc v. Ashdon, Inc., 268 F. App' x 837, 846 (11th Cir. 2008). Plaintiffs point out that, "[w]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." ACLU of Ga. v. Barnes, 168 F.3d 423, 438 (11th Cir. 1999) (quoting Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir.1983)). Section 1988 gives the Court discretion to award a reasonable attorney's fee to the prevailing parties as part of the cost in actions brought for the vindication of civil rights. 42 U.S.C.A. § 1988. Plaintiffs have not yet moved for recovery of fees and expenses under § 1988 because the finality of the judgment in this case was suspended while Plaintiffs' motion to alter or amend the judgment was pending. The motion to alter or amend judgment has now been granted and Plaintiffs are free to move for relief under § 1988. The Court finds that the postage expense is not recoverable under FED. R. CIV. P. 54 and that Plaintiffs may include a request for recovery of that expense if they choose to file a motion for recovery of fees and expenses under § 1988.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' motion to re-tax (Doc. 191), should be **GRANTED in part** to the extent that Plaintiffs are awarded costs in the amount of **$943.00** (representing: $592.00 for fees of Clerk, $105.00 for service of summons and subpoena, $21.60 for transcripts, and $224.40 for copies). Plaintiffs' motion to re-tax is **DENIED to the extent they sought to recover the costs of postage.**

**DONE and ORDERED** this 23rd day of August, 2016.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE